*HINSON & CUMMING v. ADRIAN & VOLLERS and others.

*Appeal, effect of—Proceeds of sale under care of court below, during pendency of appeal.*

1. A fund raised by sale under decree is not transferred to this court by appeal from a judgment directing its distribution, and hence no application to make a disposition of it by investment, pending the appeal, will be entertained here.

2. The appeal arrests all proceedings in the court below upon the judgment appealed from, but does not withdraw from it the authority to order that proper security be given for the safe keeping or investment of the fund, pending the appeal.

(*Isler* v. *Brown*, 69 N. C., 125, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1884, of ANSON Superior Court, before *Philips, J.*

This action is prosecuted by creditors of the defendant Harvey T. Knotts, whose judgments have been docketed in the superior court of Anson and Union, to enforce the foreclosure of a mortgage of lands lying in those counties, which had been executed to him by his co-defendants, to the end that any excess of the proceeds of sale not required to discharge the secured debts might be applied to the payment of theirs.

Under judgments several sales have been made and set aside upon the offer of an advanced bid upon a resale, the last of which was made and reported at spring term, 1884, as having brought the aggregate sum of $8,331, and that this was a fair price. Thereupon the debtor set up his claim to a homestead in the lands, and asked that the sale be again set aside so that his exemption therein might be separated and assigned and the residue only be sold. The creditors opposed the motion, but assented to his taking the sum of $1,000 from the fund as the full value of his homestead-claim, insisting that the sales had been made with his consent and it was now too late to assert the claim in this form.

The sale was made by the clerk, designated as commissioner for that purpose, according to the terms of the order, for cash, which he reported as having been paid and then in his hands.

The court refused the application, confirmed the report, and made a final adjudication appropriating and distributing the entire fund, and the said Knotts appeals therefrom.

*Messrs. J. D. Shaw* and *J. W. Hinsdale,* for plaintiffs.
No counsel for defendants.

SMITH, C. J., after stating the above. No direction was

given in respect to the money, its safe-keeping or invest-
ment pending the appeal, and this court is now moved,
after notice given to parties interested, for an order making
an intermediate disposition of the money, either in return-
ing it to the purchaser on his giving adequate security for
its return when demanded, or in lending and converting it
into an interest-bearing debt properly secured, and to be
paid when the court shall require.

The motion proceeds upon the misconception of the legal
effect of the appeal, and the condition and status of the
case resulting therefrom. The fund is not thereby trans-
ferred to the appellate court, or the authority to be exer-
cised for its preservation withdrawn, but it remains in the
custody and under the care of the superior court, as before,
until the decision upon the appeal has been rendered.
Meanwhile that court may make all necessary orders in
reference to it, upon application of parties interested in its
safety and final disposition.

This is apparent from the statutory provisions in regard
to appeals. The appeal, when perfected so as to secure the
final judgment in the appellate court, arrests "all further
proceedings in the court below *upon the judgment appealed
from or upon the matter embraced therein.*" But the court is
expressly authorized to "*proceed upon any other matter* in-
cluded in the action and not affected by the judgment ap-
pealed from."

It is only the subject matter involved in the judgment
that is thus placed beyond interference, and not those inci-
dental matters appertaining to jurisdiction and often nec-
essary in securing the full fruits of the judgment that may
be rendered in the appellate court. THE CODE, § 588.

This construction is sustained by the provisions found in
section 554, preceding, which authorizes the court, when
the sureties to the undertaking on appeal become insolvent,
to require a new undertaking from the appellant; to dis-

pose of money deposited in place of an undertaking, during the pendency of the appeal; to order any money deposited with officers to be transferred to the court; and where perishable property is adjudged to be sold, and the appeal is from the judgment whereof this is part, to direct a sale and the proceeds to be deposited or invested to await the determination of the appeal.

These provisions clearly indicate the retention by the superior court of the powers necessary to the preservation of the funds in litigation, and subsidiary to the practical ends of the action. Nor are they in conflict with the series of adjudged cases which declare, that the effect of an appeal from a final judgment is to remove the cause into a higher court and make the affirmation of it therein a final and complete disposition of the controversy involved in the action. *Isler* v. *Brown,* 69 N. C., 125.

This cause is removed by the appeal to another jurisdiction, but the auxiliary agencies employed in the court below, in furtherance of its purposes, remain under the control of the judge thereof until the termination of the action, unless superseded by some proper order in this court. When a final determination is reached in either, these agencies will be required to do whatever is necessary to the full execution of the judgment and render it effectual.

As the appeal does not transfer the fund, which remains in charge of the court below, the judge possesses the power, and to him the application should be made, to make such orders in regard to it, as the interests of the parties may require for its preservation and forthcoming when required. The motion is denied.

Motion denied.