GEORGE D. GREEN et al. v. C. F. GRIFFIN et al.

*Appeal—Contempt—Injunction—Interlocutory Judgment.*

1. Appeals from interlocutory or subsidiary orders, judgments and decrees made in a cause, carry up for review only the ruling of the Court upon that specific point. The order or judgment appealed from, is not vacated, but further proceedings under it are suspended until its validity is determined. Meanwhile the action remains in the Court below.

2. It is where the judgment is final and disposes of the entire controversy, that the appeal, when properly perfected, vacates the judgment and the whole cause is transferred to the appellate court. Even then, it may, for some purposes, be proceeded with in the lower Court.

3. A decree or order granting or dissolving an injunction, is not vacated by an appeal.

4. A party who intentionally violates an interlocutory judgment of the Court is guilty of contempt, although he may have acted in good faith upon professional advice honestly given.

(*Bledsoe* v. *Nixon*, 69 N. C., 81; *Isler* v. *Brown*, Ib., 125 ; *Skinner* v. *Bland*, 87 N. C., 168; *McRae* v. *Commissioners*, 74 N. C., 415; *Coates* v. *Wilkes*, 94 N. C., 174 ; *Hinson* v. *Adrian*, 91 N. C. 373; *State* v. *Bogett*, 10 Ired., 336 ; *Parker* v. *Cordon*, 86 N. C., 116, cited and approved).

This was RULE upon C. F. Griffin, to show cause why he should not be attached for an alleged contempt of the Court, heard by *Connor, Judge,* at Chambers, in WILSON, on the 31st of July, 1886.

In the action pending between the parties, an interlocutory order was made for the issue of an injunction, restraining the defendants from joining the walls of a store which they were then putting up, to those of the plaintiffs. The injunction was issued on July 23d, 1886, and on the same day served on the defendant C. F. Griffin.

An appeal was taken from the order, and perfected on the next day.

Acting under the advice of counsel, and in the *bona fide* belief that the order was vacated by the appeal, and was no longer in force, the defendant named, continued to prosecute the work, and to unite the two walls, notwithstanding the restraining order.

A rule was, at the plaintiff's instance, served on said defendant, requiring him to show cause before the Judge, why he should not be attached for contempt in disobeying the order. Upon the hearing of the motion, the Judge found as facts, that under the advice of their counsel, in whom they have confidence, the defendants continued, after perfecting their appeal as aforesaid, to join their wall to the wall of the plaintiffs, and to use the wall of the plaintiffs notwithstanding, and in defiance of the said order, and that in this they acted in good faith, relying upon the advice of their counsel that said appeal vacated said order, and that the same was no longer in force, and that they had no intention of committing any contempt of the Court, except in so far as the refusal to obey said injunction might in law constitute a contempt, and rendered the following judgment:

Upon the foregoing facts, it is considered that the appeal taken by the defendants did not vacate the said order, and that the said injunction is in force, notwithstanding the said appeal.

It is further considered by the Court, that in refusing to obey the said order, the defendants are guilty of contempt, and that the said defendant, C. F. Griffin, pay a fine of $250, and that he be committed to the common jail of Wilson county until said fine is paid, and that said defendant pay the cost of this proceeding.

From this order the defendants appealed.

*Mr. John Devereux, Jr.,* for the plaintiffs.
*Mr. Hugh F. Murray,* for the defendants.

SMITH, C. J., (after stating the facts). The record raises only two questions:

1. The effect of the appeal upon the interlocutory order; and, if still operative;

2. The sufficiency of the defence, that the act of alleged contempt was done with the advice of counsel, and in full assurance that it was not in violation of the order.

Both of these propositions, in an affirmative form, have been strenuously maintained in the argument of appellants' counsel, and are before us for consideration.

The defendant insists that the appeal, when perfected, annulled the order for all purposes, and left the parties against whom it was directed as free to act as before it was made.

If this were so, it is manifest the right to arrest the action of one, committing irreparable damages, by a restraining order, could be easily defeated by taking an appeal, and consummating what was intended, before it could be acted upon in the higher Court. Shade trees could be cut down, property removed out of the jurisdiction of the Court, beyond recovery, or any other wrong, intended to be prevented, perpetrated, so that when a final judgment or perpetual injunction was rendered, it would be vain and useless. The remedy sought by the process might thus become illusory, and success in the suit, followed by no benefit to the aggrieved party.

The cases cited, in support of so unreasonable a contention, *Bledsoe* v. *Nixon*, 69 N. C., 81, and *Isler* v. *Brown*, Ib. 125, followed in *Skinner* v. *Bland*, 87 N. C., 168, decide that the whole cause is removed by an appeal from a final judgment disposing of the controversy and constituted in the appellate Court, when it has been regularly and legally perfected. But while the judgment is vacated for the purpose of effectuating the transfer from the one Court to another, the cases do not decide that the restraining order becomes thereby, wholly inoperative, and that the mandate contained in it may be avoided.

The other cases cited, of appeals from a subsidiary order, made during the progress of a cause and necessary to secure the fruits of an ultimate recovery, simply declare that the *ruling* of the Court is withdrawn from the jurisdiction of the Judge, and must remain without addition, modification or other change, to be passed on by the appellate Court. *McRae* v. *Commissioners*, 74 N. C., 415; *Coates* v. *Wilkes*, 94 N. C., 174.

The action is not divided by appeals of the latter class, but the whole cause is still in the Court below, and the *ruling* alone is brought up for review. Such is the clear import of the statute which authorizes such appeals. *The Code,* §962. This enactment, which is but a transcript from the Revised Code, chap. 33, §14, with only a change adapting it to a single Court, provides that "when an appeal shall be taken to the Supreme Court from any interlocutory judgment, the Supreme Court shall not enter any judgment reversing, modifying or affirming the judgment, order or decree so appealed from, but shall cause their opinion to be certified to the Court below, with instructions to proceed upon such order, judgment or decree, or to reverse or modify the same, according to said opinion, and the Court below shall enter upon its records the opinion at length, and proceed in the cause according to the instructions."

The appeal, like a writ of error, does not disturb the interlocutory order, but suspends action on it, intended to carry it into effect, until its legality is tested in the Court above, and this being decided and certified to the Superior Court, then, if sustained, that Court is directed to proceed upon the judgment as already existing; or if declared erroneous, to reverse or modify it, in conformity to the law declared. The injunction requires no positive action, but that a party refrain from doing what is inequitable and injurious to another.

"An appeal from a decree dissolving an injunction," remarks a recent author, "does not have the effect of reviving and continuing the injunction itself, since the process of the Court, when once discharged, can only be revived by a new exercise of judicial power. An appeal being merely the act of the party, cannot of itself affect the validity of the order of the Court, nor can it give new life and force to an injunction which the Court has decreed no longer exists." *High on Inj.* §893.

As the appeal does not vacate the decree of dissolution, but leaves the order to which it applies in force, so for reasons equally strong, the appeal does not neutralize the order for the injunction.

The current of adjudications is in this direction.  In *Sixth Ave. R. R. Co.* v. *Gilbert E. R. R. Co.*, 71 N. Y., 430, determined in the Court of Appeals, it is said:

" By the appeal with stay of proceedings on the part of the plaintiff, in enforcing the judgment, the judgment was not annulled or its obligation upon the defendant impaired.  But its execution was stayed, that is, the plaintiff was prohibited from issuing process in execution of it.     *     *     But this did not affect the validity or effect of the judgment pending the appeal, so far as it bore upon and restrained the action of the defendant, its servants or agents.  It did not absolve them from the duty of obedience, and permit them to do that which the judgment absolutely prohibited, and the doing of which would, as adjudged by the Court, cause irreparable mischief to the plaintiff, or an injury which could not certainly be compensated in damages."

"A stay of proceedings pending an appeal," in the language of the Court in *Mer. Min. Co.* v. *Fremont*, 7. Cal., 130, "has the legitimate effect of keeping them in the condition in which they were when the stay of proceedings was granted."  *Yocum* v. *Moore*, 4. Ky., 221.

So in the Slaughter House cases, 10 Wall., 273–297, *Clifford*, *J.*, says, "it is quite certain that neither an injunction, nor a decree dissolving an injunction, passed in the Circuit Court, is reversed or nullified by an appeal or writ of error before the cause is heard in this Court."

While an appeal upon a final adjudication in ordinary cases, transfers the cause to the appellate Court, where, if not erroneous, it is ultimately rendered and becomes, as has been often held, the judgment of that Court, yet pending the removal, it is not for all purposes a nullity.  It remains, as decided in *Bledsoe* v. *Nixon*, sufficiently in force to warrant an execution, to which a judgment is essential, in case no supersedeas appeal undertaking has been given.

So when such undertaking has been executed, "the Court in which such judgment has been recovered," may "direct an entry to be made by the Clerk on the docket, of such judgment, that the same is secured on appeal, and thereupon it shall cease, during the pending of said appeal, to be a lien on the real property of the judgment debtor, as against purchasers and mortgagees in good faith." *The Code*, §435.

This is an evident statutory recognition of the efficacy of the judgment appealed from, even when such full security is furnished, for some purposes at least, and that its vitality is not extinguished altogether while the appeal is undetermined. Surely, if for any purpose, the judgment should remain in force, to prevent such evasions, as the present disregard of the order would sanction, and secure the rights of a litigant.

In the exceptional cases of an appeal from a collateral order, the rule is more necessary in its application, and the judgment, from necessity, and to sustain the ends of justice, must so far subsist, as to authorize the Court to preserve the *status ante quem*, and prevent any material change in it, before the appeal is determined. Still more forcibly must the principle apply, when a temporary restraining order is found to be necessary in the progress of the cause, and its validity is to be reviewed. *Hinson* v. *Adrian*, 91 N. C., 372.

2. The next inquiry is, has the contempt been purged?

When the disobedience is the result of erroneous legal advice, as to one's duty under such mandate in order to shape his conduct to its requirements, it is generally deemed a sufficient excuse. But such was not the case of this defendant. He knew he was restrained from proceeding with his work, and he sought advice only as to whether the order was in force, and if he was freed, by the appeal, from its obligations.

Neither the advice of counsel that the injunction was illegal, nor the declaration of the Justice that he would go on and try the case, notwithstanding the injunction, affords justification of the conduct of a party. *Capet* v. *Parker*, 3 Sandf., 662.

The fact that the defendant in violating the injunction, acted under the erroneous advice of counsel, will not protect him. *Smith* v. *Cook*, 39 Geo., 191.

In a recent work on contempts, it is said, that " when an order is improvidently granted, or irregularly obtained, it must nevertheless be respected until it is annulled by the proper authority, and an attempt to justify disobedience, that the act was committed on the advice of counsel, will not avail the defendant. But when the act of contempt does not appear to be at all wilful or defiant, but merely the exercise of a supposed right, *under advice taken and given in good faith*, it does not deserve punishment as such, but the party should make the complainant whole as to the damages he has sustained thereby." *Rapalje on Contempt*, §49.

The Court is less disposed to entertain the excuse that the advice is based on an erroneous statement of law, which every one is presumed to know and understand, but to recognize this error as an element in mitigation of the act, but not in its justification. This presumed knowledge of the law was carried very far in *State* v. *Boyett*, 10 Ired., 336, wherein it is held, that it is no defence to a charge of " *knowingly and fraudulently* " voting at an election, that the defendant had taken the advice of a highly respectable and intelligent gentleman, not of the bar, and was told he had a right to vote; and this by force of the maxim, *ignorantia legis neminem excusat.*

This Court, considering the effect of a disavowal of the imputed intent, remarked in *Baker* v. *Cordon*, 86 N. C., 116–121, that this excuse is confined to cases " when the *intention to injure* constitutes the gravamen of the offence."

The violation of a judicial mandate, stands upon different ground, and the only inquiry is, whether its requirements have been wilfully disregarded. If the act is intentional, and violates the order, the penalty is incurred, whether an indignity to the Court, or contempt of its authority, was or was not the motive for doing it.

The act here charged was in direct disregard of the order, from which no harm could come to the defendant, other than delay from pausing in his work until the question was settled, he prefers to seek and act upon advice given, that the order was, while in fact it was not, defunct or suspended.

He must therefore abide the consequences of his choice.   There is no error, and this will be certified to the Court below.   *It is so ordered.*

No error.                          ,                        Affirmed.