DUNN v. MARKS.

(Filed April 24, 1906).

*Defense Bond—Extension of Time for Filing—Premature Appeal.*

1. Extension of time to file a defense bond being a matter in the discretion of the judge, no appeal lay and the motion to dismiss must be allowed.

2. When an appeal is taken in a matter wherein no appeal lies, the court below need not stay proceedings, but may disregard the attempted appeal.

3. Though a cause is docketed too late to be heard on the call of the district to which it belongs, this court will enter a motion to dismiss, after due notice to appellant, that the trial of the cause below may not be delayed by an invalid appeal.

ACTION by Chas. F. Dunn against A. Marks, heard by *Judge W. B. Councill,* at the December Term, 1905, of the Superior Court of LENOIR. From an order granting leave to file a defense bond, and the refusal of judgment by default, the plaintiff appealed.

No counsel for the plaintiff.

*Y. T. Ormond* for the defendant.

CLARK, C. J. This is an action of ejectment. At November Term, 1905, the first term after service of summons, the defendant filed his answer, but failed to file his defense bond as required by Revisal, section 453. No action was had at that term. At December term, the plaintiff moved for judgment for want of a defense bond. The court in its discretion granted 60 days leave to file such bond. From this order and the refusal of judgment by default, the plaintiff appealed. This is a motion to dismiss the appeal on the ground that this was a matter of discretion from which no appeal lay.

The plaintiff, having made no objection to the failure to

file bond, at the term at which the answer was filed, it is questionable if the judge ought to have given judgment at a subsequent term without giving the defendant some opportunity to file bond. *McMillan v. Baker,* 92 N. C., 110. Whether or not time should have been given to file bond was a matter in the discretion of the judge. Revisal, section 512, provides: "The judge may likewise *in his discretion,* and upon such terms as may be just, allow an answer or reply to be made, or *other act to be done,* after the time limited, or by an order enlarge such time." This applies to filing the defense bond required by section 453. *Taylor v. Pope,* 106 N. C., 267.

Extension of time to file a defense bond being a matter in the discretion of the judge no appeal lay, and the motion to dismiss must be allowed. It is true that in *Kruger v. Bank,* 123 N. C., 16, the court held that an appeal lay from the refusal of a judgment by default for want of an answer, to which the plaintiff was entitled, but it added that if the court below had granted time to file answer it would have been unreviewable and no appeal would lay.

When an appeal is taken in a matter wherein no appeal lies, the court below need not stay proceedings, but may disregard the attempted appeal, as was done properly by the court below in *State v. Dewey,* 139 N. C., 560. The judge below, in such cases, may proceed to try the action, while the attempted appeal on the interlocutory matter is in this court. *Green v. Griffin,* 95 N. C., 50. If this were not so, a case could be interminably protracted by taking premature appeals and appeals in matters resting in the discretion of the judge, thus delaying trial, till each successive improvident appeal is dismissed. For the same reason, when the appellant does not docket his transcript on appeal in this court, the judge below may adjudge the appeal abandoned and proceed, as if no appeal had been taken. *Avery v. Pritchard,* 93 N. C., 266; *Cline v. Mfg. Co.,* 116 N. C., 837.

When, however, it is doubtful whether an appeal lies, it is best that the court below should await the action of this court.

Though this cause was docketed too late to be heard on the call of the district to which it belongs, we have entertained this motion to dismiss, after due notice to appellant, that the trial of the cause below may not be delayed by an invalid appeal.

Appeal Dismissed.