MRS. W. H. ELLIOTT, CLIFTON ELLIOTT AND WIFE, VIVIAN ELLIOTT;
  J. K. ELLIOTT AND WIFE, NANNIE BELLE ELLIOTT; EUSTACE
  ELLIOTT AND WIFE, PAULINE ELLIOTT; JASPER ELLIOTT AND WIFE,
  CLARA BELLE ELLIOTT; LILLIE MAE ATKINS AND HUSBAND,
  HOMER ATKINS; EMMA RAY AND HUSBAND, HENRY RAY; AND
  NELLIE DAVIS AND HUSBAND, HERMAN DAVIS, v. SWARTZ INDUS-
  TRIES, INC.

(Filed 3 February, 1950.)

**1. Injunctions § 6: Appeal and Error § 14—**

   Defendant's appeal from the denial of a motion for continuance does not
   deprive a court of equity from entering a temporary order in the cause
   restraining the maintenance of a nuisance.

**2. Trial § 4—**

   Defendant's motion for a continuance on the ground that it had moved
   to strike certain allegations of the complaint as a matter of right and
   intended to demur to the complaint, but could not do so until the complaint
   was in final form, is illogical, since if the striking of the allegations is
   necessary to render the complaint demurrable, the deletion of such matter
   would be improper.

**3. Same—**

   A motion for continuance is addressed to the discretion of the trial court.

**4. Injunctions § 6—**

   The granting of a temporary order restraining the maintenance of a
   nuisance until the hearing is within the discretion of the trial court.

**5. Appeal and Error § 40b—**

   Appeals from discretionary orders of the trial court will be dismissed
   in the absence of abuse of discretion.

DEFENDANT's appeal from *Burney, J.,* in Chambers August 31, 1949,
DURHAM Superior Court.

*Victor S. Bryant and Robert I. Lipton for defendant, appellant.*

*Fuller, Reade, Umstead & Fuller, James R. Patton, Jr., James L.
Newsom, and John E. Markham for plaintiffs, appellees.*

PER CURIAM.   The plaintiffs brought this action to restrain the de-
fendant from maintaining a nuisance from which they allege they sus-
tained a special damage or injury to their health and discomfort in
enjoyment of their home.   The nuisance complained of was the operation
of a rendering and processing plant in which dismembered portions of
animals in various stages of decomposition and putrefaction were steamed
in a cooker or digester, thereby causing the fats to collect or rise to the
top, the "greaves" falling to the bottom and oils and by-products thus

recovered. It is alleged that "offensive, foul, sickening, and noxious odors, gases, and vapors are emitted to such extent that they infiltrate and contaminate the atmosphere for a distance of one or two miles," and that by reason thereof the plaintiffs are forced to inhale the offensive odors to their great damage.

After the filing of plaintiffs' complaint the defendant, as it contends as a matter of right, moved to strike out certain portions of the complaint as irrelevant and prejudicial. While this motion was pending the defendant was served with an order to show cause why a temporary restraining order should not issue against it to continue to the hearing on the merits.

At the time and place set for a hearing of the order to show cause the defendant moved for a continuance, stating as a ground therefor that defendant intended to demur to the complaint on the ground that it failed to state a cause of action entitling the plaintiff to equitable relief, and this could not be done until the complaint was in final form.

The motion for continuance was overruled and defendant appealed. The court thereupon proceeded to hear the order to show cause upon the evidence introduced, and made an order restraining the defendant from the continued operation of the plant so as "to emit foul, sickening, noxious and offensive odors until a final determination of this cause." The defendant excepted to the signing of the order and gave notice of appeal.

The defendant contends that the appeal from denial of his motion for continuance took the case out of the jurisdiction of the court, and that subsequent orders therein were *coram non judice* and should be so declared by this Court. With this the Court cannot agree.

The want of logical connection between defendant's motion to strike and the motion to continue the case seems to be apparent. If it was necessary to trim down the complaint in order to support the demurrer to the cause of action contained in it, the deletion of such matter would have been improper.

The continuance of the case was within the discretion of the court,— and so also was the temporary restraining order giving relief from the condition complained of until the hearing: McIntosh, Practice and Procedure, p. 801; *Sykes v. Blakey,* 215 N.C. 61, 200 S.E. 2d 910; *Dunn v. Marks,* 141 N.C. 232, 53 S.E. 845; *S. v. Dewey,* 139 N.C. 556, 51 S.E. 937; *Green v. Griffin,* 95 N.C. 50; *Carleton v. Byers,* 71 N.C. 331; *Johnson v. Life Ins. Co.,* 215 N.C. 120, 1 S.E. 2d 381; and there was no abuse of that discretion in either phase of the matter. "Abuse of dis-cretion is more apt to be shown in granting a continuance, and in the dilatory administration of justice." *S. v. Sultan,* 142 N.C. 569, 54 S.E.

841.   And from *Green v. Griffin,* 95 N.C. 50, 52, we find applicable precedent:

> "The defendant insists that the appeal, when perfected, annulled the order for all purposes, and left the parties against whom it was directed as free to act as before it was made.  If this were so, it is manifest that the right to arrest the action of one, committing irreparable damages by a restraining order, could be easily defeated by taking an appeal, and consummating what was intended, before it could be acted upon in the higher Court. . . . The remedy sought by the process might thus become illusory, and success in the suit followed by no benefit to the aggrieved party."

The temporary restraining order does not prohibit any act except that which would be in any case a violation of legal duty.

The orders appealed from must be affirmed.   The appeal is dismissed.
Appeal dismissed.