STATE OF NORTH CAROLINA ON RELATION OF DONALD M. JACOBS, DISTRIST ATTORNEY OF THE EIGHTH JUDICIAL DISTRICT v. WILMAN E. SHERARD, SINGLE; AND LOLA SHERARD CRAWFORD, WIDOW v. DONALD M. JACOBS, JAMES SASSER, ROBERT E. DAVIS, DAVID CARL WILEY, KENNETH PENNINGTON, DONALD PARKER, LEROY LOCKLAIR, WILLIAM TILGHMAN AND BILL UZZELL

No. 788SC194

(Filed 16 January 1979)

**Appeal and Error § 16— appeal from dismissal of third-party complaint—jurisdiction of trial court to enforce preliminary injunction**

> Where the district attorney instituted an action against original defendants to abate a nuisance and obtained a preliminary injunction enjoining original defendants from selling liquor on their premises pending the trial, the original defendants filed a third-party action against the district attorney and certain law officers alleging malicious prosecution, abuse of process and trespass, and original defendants appealed the dismissal of their third-party complaint but did not appeal the preliminary injunction, the superior court retained jurisdiction to enforce the preliminary injunction while the appeal from the dismissal of the third-party complaint was pending. G.S. 1-294.

APPEAL by defendants from *Friday, Judge.* Judgment entered 8 November 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 6 December 1978.

Plaintiff district attorney filed an action pursuant to Article 1, Chapter 19 of the General Statutes of North Carolina alleging that defendants operated their dwelling house at 411 North John Street, Goldsboro, as a place for the sale of tax-paid whiskey. A preliminary injunction was allowed by Judge Small on 28 May 1976 enjoining defendants from selling liquor on their premises "pending the trial, final determination and judgment."

Defendants answered and filed a third-party complaint against the district attorney and certain law enforcement officers. The third-party complaint alleged malicious prosecution, abuse of process, trespass, and sought recovery of compensation and punitive damages. Third-party defendants moved to dismiss the third-party complaint for failure to state a claim, and motion was allowed on 3 March 1977 by Judge Smith (David R.). The original defendants gave notice of appeal to this Court on 12 May 1977. This appeal was pending in this Court until 18 April 1978 when the dismissal was affirmed.

On 17 October 1977, plaintiff filed a motion for an order requiring defendants to show cause, if any, why they should not be held in contempt of court for violating the 28 May 1976 preliminary injunction. Defendants were ordered to appear, and a hearing was held at which defendants moved to dismiss on grounds that the Superior Court had been divested of jurisdiction by the previous notice of appeal of the 3 March 1977 order of Judge Smith. Judge Friday denied the defendants' motion, proceeded to hear evidence, and found defendants in willful contempt. Defendants appeal.

*Dees, Dees, Smith, Powell & Jarrett, by Tommy W. Jarrett, for plaintiff appellee.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant appellants.*

ERWIN, Judge.

Defendant appellants present one question for our determination: "Did the trial court err in holding that it had jurisdiction in this matter while the same was pending on appeal in the Court of Appeals?" We answer "no," and affirm the judgment entered by the trial court.

G.S. 1-294 provides:

"*Scope of stay; security limited for fiduciaries.* — When an appeal is perfected as provided by this article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from."

Inasmuch as defendants did not appeal the 28 May 1976 preliminary injunction, the Superior Court retained jurisdiction to enforce it.

The facts in this case are controlled by *Green v. Griffin*, 95 N.C. 50, 52 (1886), where our Supreme Court said:

"The defendant insists that the appeal, when perfected, annulled the order for all purposes, and left the parties against whom it was directed as free to act as before it was made.

If this were so, it is manifest the right to arrest the action of one, committing irreparable damages, by a restraining order, could be easily defeated by taking an appeal, and consummating what was intended, before it could be acted upon in the higher Court. Shade trees could be cut down, property removed out of the jurisdiction of the Court, beyond recovery, or any other wrong, intended to be prevented, perpetrated, 'so that when a final judgment or perpetual injunction was rendered, it would be vain and useless. The remedy sought by the process might thus become illusory, and success in the suit, followed by no benefit to the aggrieved party."

In *Elliott v. Swartz Industries*, 231 N.C. 425, 426, 57 S.E. 2d 305 (1950), our Supreme Court stated:

"The motion for continuance was overruled and defendant appealed. The court thereupon proceeded to hear the order to show cause upon the evidence introduced, and made an order restraining the defendant from the continued operation of the plant so as 'to emit foul, sickening, noxious and offensive odors until a final determination of this cause.' The defendant excepted to the signing of the order and gave notice of appeal.

The defendant contends that the appeal from denial of his motion to continuance took the case out of the jurisdiction of the court, and that subsequent orders therein were *coram non judice* and should be so declared by this Court. With this the Court cannot agree."

In *Trust Co. v. Morgan-Schultheiss* and *Poston v. Morgan-Schultheiss*, 33 N.C. App. 406, 235 S.E. 2d 693 (1977), *dis. rev. denied*, 293 N.C. 258, 237 S.E. 2d 535 (1977), we held that where a defendant's motion for summary judgment, filed the same day as an answer setting up counterclaims, was directed only to plaintiff's principal action, an appeal from an order allowing defendant's motion for summary judgment did not deprive the court of jurisdiction to enter default judgments on the counterclaims.

If the defendant's contentions are correct, a preliminary injunction would be· a worthless and useless document. Once granted, the party or parties against whom it was directed could

Pressley v. Can Company

give notice of appeal and continue with the proscribed conduct. This is not our law.

The Superior Court clearly had jurisdiction, and the order holding defendants in willful contempt of court is in all respects valid.

Judgment affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.