L. V. CAMPBELL *v.* JOHN ALLISON and others.

Cases brought to this Court by appeals taken without *notice*, (C. C. P. ¿ 301) will be dismissed upon motion.

An appeal being now the act of the appellant alone, no presumption of regularity arises because of its having been taken *during a term* of the Court from which it comes.

MOTION to dimiss an appeal from the Spring Term of the Superior Court of IREDELL, made at this term of the Court.

The action had been commenced by a writ in debt issued returnable to Spring Term 1867; and, and at the late term, the plaintiff recovered judgment. The transcript sent up to to this Court, after stating the proceedings up to and including judgment, added—"with which judgment the defendants being dissatisfied pray an appeal to the Supreme Court, to be held at Raleigh, and it is allowed upon their giving bond according to law with &c., as sureties. Said bond is duly executed and is herewith sent."

*Clement*, for the motion.
*Boyden & Bailey, contra.*

RODMAN, J. This is a motion by an appellee to dismiss the

appeal for want of notice. Section 301 C. C. P., requires a notice of the appeal to be given: the manner of serving notices is prescribed elsewhere in the Code. The judge below has nothing to do with the granting of an appeal; it is the act of the appellant alone. On his docketing his appeal and giving the required undertakings, it is the duty of the Clerk to send it up. Hence there is no presumption of regularity, such as would exist in the case of a judgment rendered by a Judge; nor can notice be presumed merely because the appeal was taken during a term of the Court. See General Rule adopted at this term. The motion is allowed, and the appeal is dismissed with costs.

PER CURIAM.                                 Appeal dismissed.


NOTE. Similar motions to that in *Campbell* v. *Allison* (above), and for the same reason, were made at this term in the two following cases, the appeals in which accordingly were dismissed: