C. A. CARLETON, adm'r. *de bonis non,* &c., and others *v.* WASHINGTON BYERS and others.

The Court below has a discretionary power to allow the plaintiff to amend his complaint and the defendant his answer; and from the exercise of this discretionary power, no appeal lies to this Court.

The refusal of the presiding Judge on a trial in the Court below, to dismiss the plaintiff's action, while he appeared and was regularly prosecuting it, was not a judgment from which an appeal will lie.

(*Phillipse* v. *Higdon,* Busb. 380; *Springs* v. *Wilson,* 2 Dev. Eq. 385; *Hatchel* v. *Odom,* 2 Dev. & Bat. 302; *Smith* v. *Smith,* 8 Ired. 89; *Dickey* v. *Johnson,* 13 Ired. 430, cited and approved.)

PETITION to make real estate assets, heard before *Mitchell,* *J.,* at Spring Term, 1874, of IREDELL Superior Court.

When the case was called in the Court below, the plaintiff moved to be allowed to amend his complaint, the amendment consisting of the insertion of an allegation of the bankruptcy and insolvency of the sureties to the bond of the former executor, and of the former executor himself, charged upon information and belief. Before this motion was considered, the defendant moved to dismiss the action.

His Honor refused the defendant's motion to dismiss and allowed the plaintiff to amend. Defendants appealed.

*McCorkle & Bailey,* for appellants.
*Scott* and *Caldwell,* and *Folk & Armfield,* contra.

RODMAN, J. Two questions only are presented by the case.

1. The power of the Judge to allow the amendment of his bill moved for by the plaintiff.

We know of no reason why the Judge had not the power. The case does not come within any of the exceptions recognized in *Philipse* v. *Higdon,* Busb. 380.

It is not now a question whether with the amendment the plaintiff could maintain his bill.

The Judge having the power the exercise of it in allowing the amendment was a matter of discretion not susceptible of review in this Court. It does not come within the description of determinations from which an appeal lies by C. C. P., sec. 299. It is not upon a matter of law or legal inference, neither does it affect any substantial right of the parties. If the Judge had refused to allow the amendment the question would be different. The appeal from this order must be dismissed.

2. The refusal of the Judge to dismiss the action at the instance of the defendant.

I do not recollect that any proceeding called the dismissal of an action is given by the C. C. P. The term was unknown to the common law. It was introduced into our practice in common law cases by acts of Assembly found in the Revised Code, chap. 31, sec. 40 and 47, providing that if a plaintiff failed to

give security for the prosecution of his suit it should be dismissed.   In Equity proceedings, the term has been long known and its meaning is understood.   It is allowed to a plaintiff when he does not choose to prosecute his action ; and it is granted against him on motion of a defendant *when the plaintiff fails or neglects to prosecute his action according to the rules of the Court.*   It may also be ordered when the bill discloses no equity entitling the plaintiff to relief.   But in *such* cases its effect is that of a non-suit at common law, and it is expressed to be without prejudice.

It puts an end to that action, but it permanently determines no right, and the plaintiff may immediately start a new action for the same cause.  *Springs* v. *Wilson*, 2 Dev. Eq., 385.   2 Daniels, Ch. Pr  962—1001.   Of course I am .not speaking now of dismissal upon a hearing on the pleadings and proofs, which are final, but only of those which take place upon a failure to prosecute the action, or upon a hearing of the bill alone.   In such cases as in case of a non-suit, it is optional with a plaintiff, whether in deference to the opinion of the Judge adverse to his case, he will submit to a non-suit or dismissal, or will proceed with his action.   So long as a plaintiff appears and prosecutes his action according to the rules of the Court, he cannot be forced to become non-suit or to dismiss action without a hearing on the pleadings and proofs.   He is entitled, if he requires it, to have the facts alleged in his complaint either admitted by a demurrer, or found by a jury, as the ground of an appeal if he should desire one.   It is true that upon a trial, the Judge may instruct the jury that even if they believe upon the evidence that the allegations of the complaint are proved, they should still find a verdict for the defendant, because the plaintiff's allegations do not constitute a sufficient cause of action.   But a Judge will rarely do this, and only when the insufficiency of the plaintiff's case in law is quite clear.   He will in general permit the jury to find the facts as they may appear upon the evidence, and leave the defendant to take advantage of the supposed insufficiency, either by a motion in

arrest of judgment, or for a judgment *non obstante veredicto.* By this course the facts of the case are determined on the record, and the appellate court can render such final judgment, as may be proper.    Unnecessary delay and expense are avoided.

This being the character of the defendant's motion to dismiss the plaintiff's action, and there being no allegation that plaintiff was not regularly prosecuting his action, the Judge had no power to grant it, or at least he had a discretion to refuse it, and in either case, we think he committed no error in refusing it.

This Court has upon at least one former occasion, expressed its disapproval of the course of practice here attempted by the defendant.    The Code points out how he may obtain the judgment of the Court upon the sufficiency in law of the plaintiff's case, viz : by demurrer, whereby he admits the facts.    A motion to non-suit or dismiss is an irregular attempt to obtain a judgment of the Court upon the same matter without demurring, thereby avoiding the judgment for costs which would follow the overruling of his demurrer.    This is unfair to the plaintiff, and can never be allowed to succeed unless with the consent of the plaintiff himself.    The refusal of the Judge to dismiss the plaintiff's action while he appeared and was regularly prosecuting it, was not a judgment from which an appeal will lie.    It involved no matter of law or legal inference, and did not affect any substantial right claimed in the action.    C. C. P., sec. 200.    *Hatchel* v. *Odom,* 2 D. & B., 302 ; *Smith* v. *Smith,* 8 Ired., 29 ; *Dickey* v. *Johnson,* 13 Ired., 450.    The appeal is therefore dismissed.

It is proper to say here that although as an appeal may be taken by a party without the consent of the Judge, it may be taken in a case in which it is not given by the Code, yet it by no means follows that it is the duty of the Judge in such a case to suspend further proceedings.    We will not undertake to say that in *every* case where an appeal is taken from an interlocutory order, the Judge should disregard such appeal, or should regard it only as an exception, of which the party may avail

himself after the final judgment. *Probably* in such a case, and where the Code allows an appeal, it must be left to the discretion of the Judge upon a consideration of the inconveniences of either course, to proceed or not. See C. C. P., sec. 308. But certainly *when an appeal is taken as in this case, from an interlocutory order from which no appeal is allowed by the Code*, which is not upon any matter of law, and which affects no substantial right of the parties, it is the duty of the Judge to proceed as if no such appeal had been taken. All the inconveniences of unnecessary delay and expense attend the course of suspending proceedings, and none attend the other course. Such an appeal is evidently frivolous and dilatory, and can have but one end, to increase the expense, and procrastinate a final judgment.

PER CURIAM.                                        Appeal dismissed.