M. F. BRANTLEY v. B. F. JORDAN.

*Appeal, notice of.*

Where, under the Code of Civil Procedure, §80 (not brought forward in THE CODE of '83), the plaintiff, at the time of filing his complaint, failed to name some person upon whom service of pleadings and notices may be made, *it was held* that a notice of appeal filed by the defendant in the clerk's office was sufficient under the statute to charge the plaintiff with notice thereof.

(*Campbell* v. *Allison,* 63 N. C., 568; *Bryan* v. *Hubbs,* 69 N. C., 423, cited and approved).

MOTION to dismiss an appeal heard at February Term, 1884, of THE SUPREME COURT.

Tha defendant appealed from the judgment of the court below, and the plaintiff now moves to dismiss the appeal.

*Mr. R. B. Peebles,* for plaintiff.
No counsel for defendant.

MERRIMON, J. The appellee moved at the present term to dismiss the appeal in this case, upon the ground that it does not appear in the record or otherwise, that any notice of appeal was given to him.

A notice of appeal appears in the transcript, but it does not appear that it was ever served otherwise than by simply filing it among the papers of the case in the clerk's office.

The appeal was taken to the last October term of this court, and docketed at that term. Counsel then entered his appearance for the appellee, and consented in writing to a continuance of the case to the present term. At this term, no motion was made to dismiss the appeal until the case was called for argument.

Appeals are taken, not granted by the court, by the appellant from the order or judgment of the superior court in the cases allowed by law. They must be taken within ten days after notice of judgment rendered out of term, and within ten days after the rendition of the judgment in term; and within that time, the appellant shall cause his appeal to be entered by the clerk on the judgment docket, and *notice* thereof to be given to the adverse party. THE CODE, §§549, 550.

This court has held repeatedly that a failure to give notice of appeal is a good ground for a motion to dismiss it. *Campbell* v. *Allison,* 63 N. C., 568; *Bryan* v. *Hubbs,* 69 N. C., 423.

It is not necessary that we shall decide the question, whether or not notice of appeal may be *waived* by entering a general appearance by counsel in this court, as was done in this case, because the motion to dismiss must be denied upon another and distinct ground.

The Code of Civil Procedure, §80, provides that, "At the time of filing his complaint, the plaintiff, and at the time of filing his answer, the defendant, shall name some place and person in the county town in which the court to which the action

is brought is held, where and upon whom service of pleadings and notices in the action may be served; and if either shall fail to do so, *the filing of all such pleadings and notices in the office of the clerk of the court shall be deemed sufficient service* on the day of such filing, unless the parties shall, in writing on the copy of his complaint or answer, or by other written notice served on the adverse party, require personal service thereof, at a place named by him in the county, and shall deposit with the clerk a sum sufficient to pay the expense of such personal service, in which case, the personal service shall be made at his expense."

This statute was in force at the time the appeal was taken in this case, and continued until THE CODE went into effect. It was not brought forward in THE CODE and is not now operative.

It does not appear that the appellee named "some place and person in the county town in which the court to which the action is brought is held, where and upon whom service of pleadings and notices in the action might be made, or required in writing personal service, and it must be taken that he did not. It does appear in the record that the appellant filed a notice to the appellee of the appeal "in the office of the clerk of the court," as required by the statute. It is plain that the defendant intended to avail himself of the statutory provision as he had the right to do, although it may not have been the usual course of practice to give notice in that way. In the ordinary course of procedure, the plaintiff should have taken actual notice of the notice filed, but it being filed, the statute charged him with notice. It was competent at the time it was given to give it in the way adopted. It was sufficient, and so the appellee had due notice.

The motion to dismiss the appeal is therefore denied.

Motion denied.