ANN C. LEAK, Extrx., v. E. P. COVINGTON, Extr., et. als.

## *Appeal.*

1. An appeal from an interlocutory order only lies when it affects some substantial right and will work injury to the appellant if not corrected before an appeal from the final judgment.

2. Where an action was submitted to referees, and exceptions filed to their report, some of which the Court overruled, and retained the case in order to try the other issues raised by the pleadings, *It was held*, not to be an appealable order.

(*Lutz* v. *Cline*, 89 N. C., 186; *Jones* v. *Call*, Ibid., 188; *Arrington* v. *Arrington*, 91 N. C., 301; *Hicks* v. *Bullock*, 93 N. C., 112; *Welsh* v. *Kinsland*, Ibid., 281, cited and approved).

CIVIL ACTION, heard upon exceptions to the report of a referee, by *MacRae, Judge,* at December Term, 1885, of RICHMOND Superior Court.

This is an action brought by creditors against the principal defendant, as executor of the will of William L. Covington, deceased. In the course of the action, an account was ordered to be taken. The referees took and stated an account, and made report thereof, to which the defendant filed numerous exceptions. The Court heard the action in part, upon the report and exceptions, and entered an order, whereof the following is a copy:

"The exceptions of the defendant are overruled, except in the particulars in which they are sustained, and the report of the referee modified in this order.

"This cause is retained for the trial of issues raised by the pleadings, and for further directions."

From this order the defendants appealed to this Court.

*Mr. Platt D. Walker,* for the plaintiff.
No counsel for the defendants.

MERRIMON, J. (after stating the facts). It is manifest that the order appealed from is interlocutory in its nature. It does not put an end to the action; indeed, it is expressly stated that " it is retained for the trial of the issues raised by the pleadings, and for further directions." The account is incidental to other questions and matters yet to be settled in the further progress of the action.

It will not destroy or seriously impair any substantial right of the defendant involved in the order, to postpone the correction of the errors assigned, if they are such, until after the final judgment, when the defendant may appeal and have the errors now specified in the record, and any others he may possibly complain of in the further progress of the action, corrected all by one appeal.

If appeals like this should be entertained, an indefinite number of them might be taken in the same action, thus producing delay, confusion and increased costs.

Generally, appeals do not lie until after final judgment. The cases are exceptional where they lie from interlocutory orders. Actions cannot be brought to this Court for the correction of errors piecemeal—in fragments and sections. Such a practice would be fruitful of the evils suggested, and would greatly tend to impair the order, unity and consistency of the action, while there is practically no necessity for it.

It is only when the judgment or order appealed from in the course of the action puts an end to it, or may put an end to it, or has the effect to deprive the party complaining of some substantial right, or will seriously impair such right if the error shall not be corrected at once, and before the final hearing, that an appeal lies before final judgment. There are many decisions to this effect. *Lutz* v. *Cline*, 89 N. C., 186; *Jones* v. *Call*, Ib., 188; *Arrington* v. *Arrington*, 91 N. C., 301; *Hicks* v. *Bullock*, 93 N. C., 112; *Welsh* v. *Kinsland*, Ib., 281.

The appeal must be dismissed. It is so ordered.

Dismissed.