THOMAS MARTIN, Trustee, v. JAS. S. FLIPPIN and SAMUEL FLIPPIN.

*Processioning—Appeal.*

1. Appeals to the Supreme Court will only be entertained from final judgments, or from such interlocutory orders or decrees that put an end to the action or seriously imperil some substantial right of the appellant.

2. In a processioning proceeding the defendant filed exceptions to the report of the freeholders, which were overruled, but the Court directed an issue to be submitted to the jury in respect to the location of the disputed land : *Held,* that an appeal from the judgment overruling the exceptions before the trial of this issue and the final judgment of the Court thereon was premature.

This is a PROCESSIONING proceeding. In the course of it, the defendants—the appellants—made numerous objections and filed exceptions, all ·of which were overruled, and the · Court entered its findings and determination of record, as follows :

"The Court finds that the plaintiff is the party in interest; that there was no misconduct on the part of the jury, and no irregularity in the proceedings, and the motion to quash is denied. The Court being of opinion, however, that under the constitutional provision guaranteeing the right of trial by jury, and also under sections 256 and 1930 of *The Code,* the defendants are entitled to have the issue of fact as to the location of the line passed upon by a jury, an issue to that effect will be submitted to a jury in this Court."

From this order the defendants appealed to this Court.

*Mr. R. B. Glenn,* for the plaintiff.
*Mr. J. C. Buxton,* for the defendant.

MERRIMON, J. (after stating the case.) The Court was of opinion that the appellants ·were entitled to a trial by jury

MARTIN *v.* FLIPPIN.

·as to the location of the boundary line in question, and directed that a proper issue for that purpose be submitted.

The appellants did not object and *waive* any such right they might possibly have, and insist upon their objections to this proceeding and their exceptions to the report of the freeholders and a final judgment, in their favor, or against them, as they might have done. No final judgment was given, nor was there any interlocutory order or determination that put an end to the proceeding, or that could destroy or seriously impair some substantial right of the appellants, if the appeal should be delayed until the final judgment. It is only in such cases that an appeal lies. Fragmentary appeals are not allowed. *Leak* v. *Covington*, 95 N. C., 193, and the cases there cited.

It is not at all probable that the Court would have forced the appellants to accept a trial by jury against their will; but if it had done so, they might have objected and assigned error, and having gone to trial, the result might have been satisfactory to them ; otherwise, they might have appealed from the final judgment adverse to them, and all their assignments of error appearing .in the record, might have been determined by a single appeal. No judgment was entered against the appellants, and, obviously, the proceeding is still open in the Court below for further proceedings there. They should have taken some appropriate steps to have a final judgment entered from which they could have appealed. The attempted appeal must be dismissed.

Appeal dismissed.