### G. H. GOODMAN ET AL. v. T. J. CALL ET AL.

(Filed 11 April, 1923.)

**Appeal and Error—Appeal Bond—Dismissal—Motions—Conditions Precedent.**

The bond required of appellant is a condition precedent to his right to have his case heard and determined on appeal, C. S., 647; and where, in response to appellee's motion to dismiss for failure to file the bond at least five days before the call of the district, the appellant fails to file a new bond according to law, or make a deposit, etc., appellee's motion to dismiss will be allowed.

APPEAL by plaintiff from *Finley, J.,* at Fall Term, 1922, of ASHE.

*T. C. Bowie for plaintiff.*
*Parker & Johnson and R. A. Doughton for defendant.*

---

DAWKINS *v.* PHILLIPS.

---

PER CURIAM. This is a motion by the defendant to dismiss for failure to file a bond on appeal justified as required by C. S., 647. Notice of the motion was given 13 December, 1922, and service accepted by the plaintiff 26 December thereafter.

When the case was called in this Court, 3 April, 1923, the defendant's counsel tendered his check for the amount of the bond, but the statute, C. S., 648, requires that in response to a motion to dismiss on this ground *"at least five days* before the call of the district from which the cause is sent up, the appellant may file with the clerk a new bond justified according to law, or make a deposit of a sum of money equal to the penalty in the bond." This not having been done, the motion to dismiss must be allowed.

The provision for sending up appeals, whether in the rules of the Court or in the statute, are conditions precedent which must be strictly complied with to entitle the appellant to have his cause reheard in this Court. *Vivian v. Mitchell,* 144 N. C., 472, and cases therein cited, and citations thereto in Anno. Ed.

This is necessary to prevent vexatious and expensive delays, and for the protection of appellees. This Court has often called attention to the fact that compliance with these requirements is not optional, and that these regulations are not merely recommendations, and that the right of appeal is not absolute, but is dependent upon compliance with the provisions of the statute, to entitle the appellant to have his cause docketed and heard here. The motion to dismiss must be allowed.

Appeal dismissed.