CORA VEAZEY v. CITY OF DURHAM.

(Filed 3 February, 1950.)

**1. Judgments § 17a—**

The two classes of judgments and orders of the Superior Court are: (1) Final judgments, which are those disposing of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court; and (2) interlocutory orders, which are those made during

the pendency of an action which do not dispose of the case but leave it for further action by the trial court. G.S. 1-208.

**2. Appeal and Error § 2—**

An appeal lies to the Supreme Court from a final judgment of the Superior Court and from an interlocutory order of the Superior Court provided such order affects some substantial right claimed by appellant and will work an injury to him if not corrected before an appeal from the final judgment. G.S. 1-277.

**3. Appeal and Error § 40b—**

A judgment or order rendered by the judge of the Superior Court in the exercise of a discretionary power is not subject to review in the absence of abuse of discretion.

**4. Appeal and Error § 14—**

An appeal from an appealable interlocutory order stays all further proceedings in the Superior Court until the matters are determined in the Supreme Court. G.S. 1-294.

**5. Courts § 1—**

Courts exist so that every person may have remedy by due course of law for any injury done him in his lands, goods, person, or reputation; and justice shall be "administered without sale, denial, or delay." N. C. Const., Art. I, Sec. 35.

**6. Appeal and Error § 14—**

The taking of an appeal from a nonappealable interlocutory order cannot deprive the Superior Court of jurisdiction to try and determine the case on its merits, since such attempted appeal is a nullity.

**7. Appeal and Error § 15—**

An attempted appeal from a nonappealable order confers no power on the Supreme Court to decide the appeal, and the Supreme Court must dismiss such appeal because it cannot properly exercise jurisdiction.

**8. Appeal and Error § 1—**

An appeal lies as a matter of right in those cases prescribed by law, G.S. 1-271, G.S. 1-277, G.S. 1-279, G.S. 1-280; but in cases where no appeal is given by law, the right of appeal does not exist, and right of appeal cannot be conferred by any action of the trial court.

**9. Appeal and Error § 2—**

Upon attempted appeal from a nonappealable interlocutory order, the acts of the judge of the Superior Court in setting the amount of appeal bond and settling the case on appeal do not profess to grant the right of appeal, and in no event could have this effect, since appeals lie as a matter of right and the Superior Court can neither allow nor refuse an appeal.

**10. Courts § 5—**

If a judge of the Superior Court enters an order without legal power to act in respect to the matter, such order is a nullity, and another Superior Court judge may disregard it without offending the rule which precludes one Superior Court judge from reviewing the decision of another.

**11. Easements § 5—**

Where the terms of an easement granted by deed are plain and unambiguous, its construction is for the court.

**12. Same—**

An easement to transport sewage in a proper manner through underground pipes does not grant the right to cast sewage into an open watercourse across the land.

**13. Appeal and Error § 39b—**

An answer to an issue in accordance with the rights of the parties obtaining as a matter of law, renders harmless error in submitting the question to the jury.

APPEAL by defendant from *Burney, J.,* and a jury, at the March, 1949, Term, of DURHAM.

The complaint alleges, in brief, that the plaintiff resided upon her eighty-six acre farm lying on both sides of Ellerbe Creek, a natural watercourse, in Durham County, North Carolina; that the defendant, City of Durham, a municipality, constructed and maintained its sewers in such manner as to discharge vast quantities of sewage into Ellerbe Creek; and that the defendant thereby created a nuisance and inflicted substantial and permanent injury upon the plaintiff's farm. It prays for damages, and an abatement of the nuisance. The answer denies the material allegations of the complaint, and pleads certain statutes of limitation and an easement deed from C. T. Husketh and Ada P. Husketh, the plaintiff's predecessors in title, to defendant as affirmative defenses.

The cause was calendared for trial on Monday, 14 March, 1949. During the preceding week the defendant filed a motion asserting that the action was embraced within subsections 2, 3, and 5 of G.S. 1-189, and asking Judge Q. K. Nimocks, Jr., who was then presiding in Durham Superior Court, to order a compulsory reference of the cause. The plaintiff appeared and objected to the proposed reference, insisting that the action should be tried by a jury. Judge Nimocks refused to direct a compulsory reference in an order bearing date 10 March, 1949, and reciting, in substance, that he took such action because a compulsory reference would occasion unnecessary delay and expense to the parties and because a trial before a jury in the first instance would best promote the ends of justice.

The defendant excepted to this order and gave notice in open court that it appealed therefrom to the Supreme Court. Judge Nimocks thereupon fixed the undertaking on the appeal at $75.00, and ordered that "the record proper, the notice and motion of reference, as amended, the order tendered by defendant, the order signed by the court, and the

defendant's assignments of error" should constitute "the record and case on appeal." The defendant forthwith gave an appeal bond in the sum of $75.00, and docketed certified copies of the record proper and case on appeal as settled by Judge Nimocks in the Supreme Court. The appeal pended in the Supreme Court until the Fall Term, 1949, and was then dismissed on the ground that the order of Judge Nimocks was not subject to review by appeal. *Veazey v. Durham, ante,* 354.

Meanwhile the cause was tried on its merits in the Superior Court of Durham County under the circumstances delineated below.

Durham Superior Court opened on the day the cause had been set for trial, *i.e.,* Monday, 14 March, 1949, with Judge John J. Burney presiding. When the calendar was called, the defendant moved for a continuance and objected to a trial at the existing term of court on this ground: "The Superior Court is at this time without jurisdiction to hear and try the action for the reason that the case is pending on appeal in the Supreme Court of North Carolina, and is now in the State Supreme Court." Judge Burney denied the motion for a continuance, overruled the objection to a trial at the existing term, and proceeded to try the cause on its merits before a jury. He stated in a contemporary order that he pursued this course in the exercise of his discretion because the case had been regularly calendared for trial by jury "for three weeks or more," and Judge Nimocks had denied the motion of defendant for a compulsory reference four days earlier. The defendant reserved exceptions to the rulings of Judge Burney refusing to continue the case and proceeding with its trial at the existing term.

The trial of the cause on its merits consumed six days. The parties called numerous witnesses to the stand to sustain their respective allegations. Issues were submitted to and answered by the jury as follows:

1. Is the plaintiff, Cora Veazey, the owner of the land as described in paragraph 4 of the complaint?

A. Yes (answered by the Court by consent).

2. Is the defendant, City of Durham, the owner of an easement across said lands for the purpose of owning, operating and maintaining a sewage line for the disposal of sewage and other waste waters from its disposal plant and from the City of Durham as described in the easement deed from C. T. Husketh and wife, Ada P. Husketh, to the City of Durham dated the 24th day of June, 1916, and recorded in Deed Book 50, at page 620, in the office of the Register of Deeds of Durham County?

A. Yes (answered by the Court by consent).

3. Is the defendant, City of Durham, maintaining a nuisance, as alleged in the complaint?

A. Yes.

4. If so, is the defendant, City of Durham, entitled to maintain such nuisance under the terms of the easement referred to in issue #2?

A. No.

5. Have the lands of the plaintiff been damaged by the maintenance and operation of the sewage system by the City of Durham, as alleged in the complaint?

A. Yes.

6. Is the plaintiff's cause of action barred by the statutes of limitations, as alleged in the answer?

A. No.

7. What permanent damages, if any, is the plaintiff, Cora Veazey, entitled to recover of the defendant, City of Durham?

A. $2,500.00.

Judge Burney entered judgment on the verdict adjudging that plaintiff is entitled to recover the damages assessed by the jury and the costs of the action, and commanding the defendant to take steps to abate the alleged nuisance within a reasonable time by repairing its sewer lines and by refraining from emptying raw or untreated sewage into Ellerbe Creek above the plaintiff's farms.

The defendant excepted and appealed, assigning errors.

*Victor S. Bryant and Robert I. Lipton for plaintiff, appellee.*
*Claude V. Jones and Egbert L. Haywood for defendant, appellant.*

ERVIN, J. We are confronted at the threshold of this appeal by the assertion of the defendant that Judge Burney had no power to try the cause during the week beginning on 14 March, 1949, and that in consequence the verdict and judgment must be set aside and a new trial awarded without regard to whether the trial on the merits conformed to pertinent legal principles. The defendant urges two lines of reasoning to sustain this position.

It argues initially that its appeal from the order of Judge Nimocks denying its motion for a compulsory reference transferred jurisdiction of this case from the Superior Court to the Supreme Court until such appeal was dismissed by the Supreme Court, and that by reason thereof the act of the Superior Court in trying the action on the merits while such appeal was pending constituted a complete nullity in law. This contention necessitates an examination of the principles by which decisions of the Superior Court are reviewed in the Supreme Court.

Judgments and orders of the Superior Court are divisible into these two classes: (1) Final judgments; and (2) interlocutory orders. G.S. 1-208. A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the

trial court. *Sanders v. May,* 173 N.C. 47, 91 S.E. 526; *Bunker v. Bunker,* 140 N.C. 18, 52 S.E. 237; *McLaurin v. McLaurin,* 106 N.C. 331, 10 S.E. 1056; *Flemming v. Roberts,* 84 N.C. 532. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. *Johnson v. Roberson,* 171 N.C. 194, 88 S.E. 231.

Not every judgment or order of the Superior Court is appealable to the Supreme Court. Indeed, an appeal can be taken only from such judgments and orders as are designated by the statute regulating the right of appeal. This statute provides that "an appeal may be taken from every judicial order or determination of a judge of a superior court, upon or involving a matter of law or legal inference, whether made in or out of term, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." G.S. 1-277.

The decisions construing and applying this statute and connected provisions of the Code of Civil Procedure implementing it establish the propositions set forth below:

1. An appeal lies to the Supreme Court from a final judgment of the Superior Court. *Johnson v. Insurance Co.,* 219 N.C. 445, 14 S.E. 2d 405; *Grocery Co. v. Newman,* 184 N.C. 370, 114 S.E. 535; *Yates v. Insurance Co.,* 176 N.C. 401, 97 S.E. 209; *Martin v. Flippin,* 101 N.C. 452, 8 S.E. 345; *Moore v. Hinnant,* 87 N.C. 505.

2. An appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment. *Parrish v. R. R.,* 221 N.C. 292, 20 S.E. 2d 299; *Cole v. Trust Co.,* 221 N.C. 249, 20 S.E. 2d 54; *Hosiery Mill v. Hosiery Mills,* 198 N.C. 596, 152 S.E. 794; *Leak v. Covington,* 95 N.C. 193; *Welch v. Kinsland,* 93 N.C. 281.

3. A nonappealable interlocutory order of the Superior Court, which involves the merits and necessarily affects the judgment, is reviewable in the Supreme Court on appropriate exception upon an appeal from the final judgment in the cause. G.S. 1-278; *Alexander v. Alexander,* 120 N.C. 472, 27 S.E. 121. An earlier appeal from such an interlocutory order is fragmentary and premature, and will be dismissed. *Cement Co. v. Phillips,* 182 N.C. 437, 109 S.E. 257.

4. A judgment or order rendered by a judge of the Superior Court in the exercise of a discretionary power is not subject to review by appeal to the Supreme Court in any event, unless there has been an abuse of discretion on his part. McIntosh: North Carolina Practice and Procedure

in Civil Cases, section 676; *Beck v. Bottling Co.,* 216 N.C. 579, 5 S.E. 2d 855; *Smith v. Insurance Co.,* 208 N.C. 99, 179 S.E. 457; *Winslow Co. v. Cutler,* 205 N.C. 206, 170 S.E. 636.

When a litigant takes an appeal to the Supreme Court from an appealable interlocutory order of the Superior Court and perfects such appeal in conformity to law, the appeal operates as a stay of all proceedings in the Superior Court relating to the issues included therein until the matters are determined in the Supreme Court. G.S. 1-294; *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496; *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Ragan v. Ragan,* 214 N.C. 36, 197 S.E. 554; *Vaughan v. Vaughan,* 211 N.C. 354, 190 S.E. 492; *Bohannon v. Trust Co.,* 198 N.C. 702, 153 S.E. 263; *Likas v. Lackey,* 186 N.C. 398, 119 S.E. 763; *Pruett v. Power Co.,* 167 N.C. 598, 83 S.E. 830; *Combes v. Adams,* 150 N.C. 64, 63 S.E. 186.

But this sound principle is not controlling upon the record in the case at bar. The defendant took its appeal from an order of Judge Nimocks denying its motion for a compulsory reference. Since Judge Nimocks entered such order in the exercise of a discretion reposed in him by law, and since nothing suggested or indicated any abuse of such discretion on his part, the order was not subject to review by appeal. *Veazey v. Durham, supra.* For this reason, we are presently concerned with this precise question: What is the effect of an appeal from a nonappealable interlocutory order upon proceedings in the Superior Court pending the dismissal of the appeal by the Supreme Court?

Back of every legal principle lies the reason that gave it birth. Hence, a rule of law can be best interpreted and applied if due heed is paid to the reason which called it into being. Let us consider the reason which accounts for the rules regulating appeals.

Courts exist so that every person may have remedy by due course of law for any injury done him in his lands, goods, person, or reputation. N. C. Const., Art. I, Sec. 35.

Although the law's delay has been a chronic lament among men for centuries, the law itself does not will that justice should be lame. In truth, its consciousness that justice delayed is justice denied arose before this guaranty of *Magna Carta* was exacted from King John at Runnimede: "To no one will we deny justice, to no one will we delay it." The awareness of the law in this respect finds present-day expression in the declaration of our organic law that right and justice shall be "administered without sale, denial, or delay." N. C. Const., Art. I, Sec. 35.

There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. The rules regulating appeals from the Superior Court to the Supreme Court are

designed to forestall the useless delay inseparable from unlimited frag-
mentary appeals, and to enable courts to perform their real function, *i.e.*,
to administer "right and justice . . . without sale, denial, or delay."
N. C. Const., Art. I, Sec. 35.

This being true, a litigant cannot deprive the Superior Court of juris-
diction to try and determine a case on its merits by taking an appeal to
the Supreme Court from a nonappealable interlocutory order of the
Superior Court. A contrary decision would necessarily require an ac-
ceptance of the paradoxical paralogism that a party to an action can
paralyze the administration of justice in the Superior Court by the
simple expedient of doing what the law does not allow him to do, *i.e.*,
taking an appeal from an order which is not appealable.

Our conclusion on this aspect of the controversy finds full sanction
in previous decisions of this Court adjudging that when an appeal is
taken to the Supreme Court from an interlocutory order of the Superior
Court which is not subject to appeal, the Superior Court need not stay
proceedings, but may disregard the appeal and proceed to try the action
while the appeal on the interlocutory matter is in the Supreme Court.
*S. v. Lea,* 203 N.C. 316, 166 S.E. 292; *Goodman v. Goodman,* 201 N.C.
794, 161 S.E. 688; *Dunn v. Marks,* 141 N.C. 232, 53 S.E. 845; *S. v.
Dewey,* 139 N.C. 556, 51 S.E. 937; *Guilford County v. Georgia Co.,* 109
N.C. 310, 13 S.E. 861; *Carleton v. Byers,* 71 N.C. 331. Moreover, this
conclusion is sustained by the repeated cases holding by implication rather
than by express declaration that an appeal to the Supreme Court from
a nonappealable order of the Superior Court confers no power on the
Supreme Court to decide the appeal, and that the Supreme Court must
dismiss the appeal because it cannot properly exercise a jurisdiction
which it does not possess. *Hawley v. Powell,* 222 N.C. 713, 24 S.E. 2d
523; *Wadesboro v. Coxe,* 216 N.C. 545, 5 S.E. 2d 716; *Spruill v. Bank,*
163 N.C. 43, 79 S.E. 262; *Benton v. Collins,* 121 N.C. 66, 28 S.E. 59.

The defendant maintains secondarily on the present phase of the
litigation that the trial before Judge Burney was invalid even if its
appeal from the order of Judge Nimocks was insufficient of itself to oust
the jurisdiction of the Superior Court. To support its position in this
respect, the defendant advances this argument: That the defendant gave
notice in open court of its appeal from the order of Judge Nimocks
denying its motion for a compulsory reference at the time of the entry
of the order; that Judge Nimocks immediately fixed the amount of the
appeal bond and settled the case on the defendant's appeal; that such
action on the part of Judge Nimocks was tantamount to his granting
the defendant the right to appeal from the order refusing the motion
for a compulsory reference; that if Judge Nimocks erred in allowing
the defendant the right to appeal from such order, his action constituted

a mere erroneous decision, which was correctable only by the Supreme Court upon an appropriate appeal; that when Judge Burney caused the case to be tried on its merits before a jury while this defendant's appeal was pending undetermined in the Supreme Court, he necessarily reviewed and reversed the decision of Judge Nimocks granting the defendant the right to such appeal; that in so doing, Judge Burney violated the rule that "one Superior Court judge has no power to review the findings, orders, and decrees of another Superior Court judge." *Hoke v. Greyhound Corp.*, 227 N.C. 374, 42 S.E. 2d 407; and that in consequence the trial before Judge Burney and the jury was a void proceeding.

This position is untenable. The argument underlying it is based upon a misconception of the nature of the appellate process as it obtains in this jurisdiction, and upon a misunderstanding of the scope of the act of Judge Nimocks in settling the case on appeal and fixing the appeal bond.

Appeals lie from the Superior Court to the Supreme Court as a matter of right rather than as a matter of grace. Under the Code of Civil Procedure, the aggrieved party is authorized to *take an appeal* in the cases prescribed by law. G.S. 1-271, 1-277, 1-279, 1-280. In such cases, he appeals as a matter of right on compliance with the statutes and rules of court as to the time and manner of taking and perfecting the appeal. *Goodman v. Call*, 185 N.C. 607, 116 S.E. 724; *Lindsey v. Knights of Honor*, 172 N.C. 818, 90 S.E. 1013; *Caudle v. Morris*, 158 N.C. 594, 74 S.E. 98. But in cases where no appeal is given by law, the right of appeal does not exist, and cannot be exercised. *In re Stiers*, 204 N.C. 48, 167 S.E. 382. These things being true, a Superior Court judge can neither allow nor refuse an appeal. For this reason, this Court has rightly declared that "the Judge below has nothing to do with the granting of an appeal; it is the act of the appellant alone." *Campbell ·v. Allison*, 63 N.C. 568; *Wilson v. Seagle*, 84 N.C. 110. The Superior Court judge is simply empowered to perform certain acts, *e.g.*, setting the amount of the appeal bond and settling the case on appeal, necessary to the perfecting of an appeal taken by an appellant in a case where the right of appeal is given by law.

When he signed the order fixing the amount of the appeal bond and settling the case on appeal, Judge Nimocks did not profess to grant to the defendant any right to appeal. He merely undertook to implement the appeal which the defendant had attempted to take. The ultimate legal result, however, would have been the same in any event. An appeal did not lie from the discretionary ruling denying the motion for a compulsory reference, and in consequence the attempted appeal of the defendant was simply a nullity. *Centennial Mill Co. v. Martinov*, 83 Utah 391, 28 P. 2d 391; *Deere & Webber Co. v. Hinckley*, 20 S.D. 359, 106 N.W.

138. Judge Nimocks could not breathe the breath of life into the nostrils of this legal corpse. *Riddle v. Hudgins,* 7 C.C.A. 335, 58 F. 490. If he had undertaken to confer upon the defendant a right of appeal which was denied to it by the law, his action would have been void, and Judge Burney could have disregarded it without offending the rule which precludes one Superior Court judge from reviewing the decision of another Superior Court judge upon the ground that the decision is erroneous. That rule does not apply if the first Superior Court judge had no legal power to act with respect to the matter covered by his decision. *Collins v. Wooten,* 212 N.C. 359, 193 S.E. 835. · A court may always treat a void order as a nullity. *Ferrell v. Hales,* 119 N.C. 199, 25 S.E. 821.

The case at bar is substantially on "all fours" with *S. v. Dewey, supra,* where the accused took an appeal at the April, 1905, Term, of the Superior Court of Craven County from a discretionary order of Judge James L. Webb denying his motion for a bill of particulars, and was tried over his protest before Judge Erastus B. Jones and a jury at the July, 1905, Term of the Superior Court of Craven County, notwithstanding that his appeal from Judge Webb's order was still pending. The original transcript of the record in the *Dewey case* discloses that Judge Webb, like Judge Nimocks in the instant case, signed an order fixing the appeal bond and settling the case on appeal. The fact that the *Dewey case* was a criminal action does not prevent it from being decisive on this appeal for the statute provides that appeals in criminal cases "shall be perfected . . . as provided in civil actions." G.S. 15-180.

This brings us to a consideration of the remaining assignments of error of the defendant. They assert, in appropriate legal phraseology, that Judge Burney erred in admitting and rejecting testimony; in refusing to dismiss the action upon a compulsory nonsuit; in submitting certain issues drafted by him, and in declining to submit other issues tendered by defendant; in refusing to give to the jury instructions requested by the defendant; in charging the jury; in refusing to vacate the verdict and award a new trial; and in rendering the judgment which appears in the record. A painstaking study of these assignments of error and of the transcript of the record leaves us with the abiding conviction that nothing occurred on the trial prejudicial to the substantial rights of the defendant. For this reason, the trial and the ensuing judgment must be upheld.

We think it proper to say that Judge Burney committed an error favorable to the defendant when he left it to the jury to determine the legal effect of the easement deed executed by C. T. Husketh and Ada P. Husketh, the plaintiff's predecessors in title. This deed was written in plain terms, and its construction was a matter for the court. *King v. Davis,* 190 N.C. 737, 130 S.E. 707. The instrument empowered the

defendant to transport sewage "in a proper manner" through a narrow strip of plaintiff's eighty-six acre farm by means of pipes "beneath the surface of the earth." Manifestly, it did not bar an action predicated upon the allegation that the defendant had damaged the plaintiff's farm by casting sewage into an open watercourse which traversed the farm, and Judge Burney ought to have so ruled as a matter of law. The negative answer of the jury to the fourth issue, however, rendered this particular error harmless to plaintiff. *Nichols v. Trust Co., ante,* 158, 56 S.E. 2d 429.

Counsel for both parties have presented their respective views on the questions arising on this appeal with unusual ability, industry, and zeal, and we deem it not amiss to state that their excellent briefs have been highly helpful.

We close this opinion with an admonition given by this Court to the trial bench three-quarters of a century ago: "But certainly when an appeal is taken as in this case from an interlocutory order from which no appeal is allowed by The Code, which is not upon any matter of law and which affects no substantial right of the parties, it is the duty of the Judge to proceed as if no such appeal had been taken." *Carleton v. Byers, supra.* It is at least as important now, as it was in the days of *Magna Carta,* that justice should be administered without delay.

No error.