An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-622
NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

REEGER BUILDERS, INC. and KITCHEN
CREATIONS OF GASTONIA, INC.,
    Plaintiffs,

v.                                         Gaston County
                                           No. 08 CVS 5609
J.C. DEMO INSURANCE GROUP, INC.,
JCD INSURANCE GROUP, LLC, J.C.
DEMO & ASSOCIATES, J.C. DEMO &
ASSOCIATES, INC., JEFFREY C. DEMO,
individually, CENTRAL MUTUAL
INSURANCE COMPANY and ALL AMERICA
INSURANCE COMPANY,
    Defendants.


Appeal by plaintiffs from order entered 1 February 2013 by Judge Yvonne Mims Evans in Gaston County Superior Court. Heard in the Court of Appeals 22 October 2013.

> *Gray, Layton, Kersh, Solomon, Furr, & Smith, P.A., by William E. Moore, Jr., and Marcus R. Carpenter, for plaintiff-appellants.*

> *Weaver, Bennett & Bland, P.A., by Trent M. Grissom, for defendant-appellees.*


BRYANT, Judge.


Where the trial court entered a default judgment against defendant Jeffrey C. Demo as to all of plaintiffs' claims and

plaintiffs' allegations were sufficient to establish that defendant J.C. Demo Insurance Group Inc. operated as an alter-ego of defendant Jeffrey C. Demo, the trial court erred in granting defendant J.C. Demo Insurance Group Inc.'s Rule 12(b)(6) motion to dismiss.

On 31 October 2008, in Gaston County Superior Court, plaintiffs Reeger Builders Inc. (Reeger Builders) and Kitchen Creations of Gastonia Inc. (Kitchen Creations) filed a verified complaint against defendants J.C. Demo & Associates, Inc.; Jeffrey C. Demo, individually; and Central Insurance Companies. Plaintiffs sought recovery for losses sustained as a result of a fire occurring on 6 June 2006 at 154 Superior Stainless Road, a property owned by plaintiff Reeger Builders and occupied by plaintiff Kitchen Creations.

In their complaint, plaintiffs alleged that in October 2003, defendants acting through J.C. Demo and J.C. Demo & Associates, Inc. issued two insurance policies: one policy for Kitchen Creations and one for Reeger Builders. Each policy had an aggregate limit of $1,000,000.00. The policies were renewed annually and were both in effect on 6 June 2006. No limitations as to coverage were disclosed.

Between October 2003 and June 2006, plaintiff Kitchen Creations leased several pieces of large equipment. Kitchen Creations' insurance policy was amended to cover potential damage to the equipment and the financiers were also listed as insured under the same policy. Plaintiffs alleged that J.C. Demo gave his assurance that the insurance policy, as modified, was sufficient to cover the replacement of the leased equipment in the event of loss.

On 6 June 2006, a fire broke out at 154 Superior Stainless Road. The building and its contents were completely destroyed. Kitchen Creations, which operated a business on the property, asserted $32,532.00 in business income losses. Reeger Builders, which owned the building, asserted $816,894.01 in losses. When notified, defendants informed plaintiffs that losses for business income under Kitchen Creation's policy were capped at $25,000.00 and that the applicable limit for damage to the building under Reeger's policy was capped at $358,448.00. Plaintiffs alleged uninsured damages amounting to $465,978.00.

In their complaint, plaintiffs sought recovery for breach of contract/negligence, breach of fiduciary duty, fraud/constructive fraud, negligent misrepresentation, and unfair insurance practices/unfair or deceptive trade practices.

On 25 November 2008, plaintiffs amended their complaint to include a claim for punitive damages.

The record before us reflects that on 16 January 2008, Articles of Incorporation were filed with the Department of the Secretary of State for J.C. Demo Insurance Group Inc., the defendant-appellant in this action. On 14 April 2009, Articles of Dissolution were filed with the Department of the Secretary of State for JC Demo and Associates, Inc., the defendant insurance broker that plaintiffs allege sold them their respective policies.

On 18 May 2011, having been granted a motion to allow for joinder of additional parties, plaintiffs filed a second amended complaint naming as defendants J.C. Demo Insurance Group Inc.; JCD Insurance Group LLC; J.C. Demo & Associates; J.C. Demo & Associates Inc.; Jeffrey C. Demo, individually; Central Mutual Insurance Company; and All America Insurance Company.

The record before us shows that on 23 September 2011, plaintiffs filed a motion for entry of default judgment as to defendants JCD Insurance Group LLC, J.C. Demo & Associates, J.C. Demo & Associates Inc., and Jeffrey C. Demo. Entry of default against the named defendants was entered the same day. Following a hearing on the matter, the trial court entered a 24

October 2011 order in which it found that the named defendants each failed to file an answer or other responsive pleadings to plaintiffs' second amended complaint. The trial court entered default judgment against defendants JCD Insurance Group LLC, J.C. Demo & Associates Inc., J.C. Demo and Associates, and Jeffrey C. Demo, individually, and found each jointly and severally liable to plaintiffs for damages in the amount of $465,978.00. Furthermore, as plaintiffs claimed that defendants' actions in or affecting commerce were unfair or deceptive in violation of General Statutes, section 75.1-1, the trial court determined that plaintiffs were entitled to treble damages on the asserted claims for $465,978.00, amounting to $1,397,934.00, plus attorney fees in the amount of $12,670.50, and court costs of $3,331.93.

Defendant J.C. Demo Insurance Group Inc. submitted a motion to dismiss plaintiffs' second amended complaint pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted. The matter came on for hearing during the 14 January 2013 civil session of Gaston County Superior Court, the Honorable Yvonne Mims Evans, Judge presiding. On 1 February 2013, the trial court filed its order granting defendant J.C.

Demo Insurance Group Inc.'s motion to dismiss plaintiffs' claims. Plaintiffs appeal.

_____

Initially, we note that plaintiffs appeal from a trial court order dismissing one but not all of the parties to the action. The record before us indicates that plaintiffs' claims as to defendants Central Mutual Insurance Company and All America Insurance Company are still outstanding. In their brief to this Court, plaintiffs state in a footnote that on 26 October 2011, defendants Central Mutual Insurance Company and All America Insurance Company entered into a settlement agreement with plaintiffs. And, on 26 October 2011, plaintiffs entered a voluntary dismissal with prejudice as to those defendants. However, the record contains no evidence of a voluntary dismissal of defendants Central Mutual Insurance Company and All America Insurance Company. Thus, plaintiffs' appeal appears to be interlocutory. *See Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."). Presuming such, we consider plaintiffs' brief as a petition for

writ of certiorari. *See* N.C.R. App. P. 21 (2013) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief."); *Legacy Vulcan Corp. v. Garren*, ___ N.C. App. ___, ___, 731 S.E.2d 223, 225 (2012) ("We believe that dismissing this appeal as interlocutory would likely waste judicial resources. . . . We exercise our authority under Rule 2 to consider Plaintiff's appeal as a petition for *certiorari*, and we grant *certiorari* to review the trial court's interlocutory order." (citation omitted)).

Plaintiffs argue that the trial court erred in granting defendant J.C. Demo Insurance Group Inc.'s Rule 12(b)(6) motion to dismiss plaintiffs' claims for failure to state a claim upon which relief may be granted. We agree.

When reviewing a trial court's dismissal of a complaint pursuant to Rule 12(b)(6) of our Rules of Civil Procedure, we conduct a de novo review. *See State Employees Ass'n of N.C., Inc. v. N.C. Dep't of State Treasurer*, 364 N.C. 205, 210, 695

S.E.2d 91, 95 (2010). "[W]e determine whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. In ruling upon such a motion, the complaint is to be liberally construed . . . ." *Id.* (citation omitted).

> Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Schlieper v. Johnson*, 195 N.C. App. 257, 261, 672 S.E.2d 548, 551 (2009) (citation omitted).

On appeal, defendant J.C. Demo Insurance Group Inc. asserts that the trial court's dismissal of plaintiffs' complaint as to them was proper because J.C. Demo Insurance Group Inc. did not exist at the time of the fire which damaged plaintiffs' property and business interests. Articles of Incorporation for J.C. Demo Insurance Group, Inc. were filed with the Secretary of State on 16 January 2008, after the 6 June 2006 fire which damaged plaintiffs' respective properties. Furthermore, defendant J.C.

Demo Insurance Group Inc. argues that all of plaintiffs' claims are barred by statutes of limitation.

In response, plaintiffs argue that defendant J.C. Demo Insurance Group Inc. like all of the "Demo-defendants," is an alter-ego of defendant Jeffrey C. Demo. As an alter-ego, plaintiffs contend they may "reverse-pierce" the corporate veil to reach the assets of any Demo-defendant, including defendant J.C. Demo Insurance Group Inc., to satisfy Jeffrey C. Demo's liability.

Though beyond the pleadings, the record before us shows that the trial court has already entered judgment against defendants JCD Insurance Group LLC, J.C. Demo & Associates Inc., J.C. Demo and Associates, and Jeffrey C. Demo, individually, finding for plaintiffs as to each claim as a matter of law and finding these defendants jointly and severally liable for plaintiffs' damages. The trial court awarded plaintiffs damages of $465,978.00 and due to the asserted claim of unfair or deceptive trade practices, trebled this amount to $1,397,934.00. We reiterate that defendant J.C. Demo Insurance Group Inc. was not incorporated until after the fire that damaged plaintiffs' respective properties. Based on this record evidence, we do not consider whether defendant J.C. Demo Insurance Group Inc. is

liable to plaintiffs for the claims asserted. Rather, we consider whether the corporate veil of defendant J.C. Demo Insurance Group Inc. can be disregarded by reverse piercing to satisfy the obligations of the remaining Demo Defendants. We hold that it can be.

"The doctrine of piercing the corporate veil is not a theory of liability. Rather, it provides an avenue to pursue legal claims against corporate officers or directors who would otherwise be shielded by the corporate form." *Green v. Freeman*, ___ N.C. ___, ___, ___ S.E.2d ___, ___ (8 Nov. 2013) (No.424A12). "The general rule is that in the ordinary course of business, a corporation is treated as distinct from its shareholders." *State v. Ridgeway Brands Mfg., LLC*, 362 N.C. 431, 438, 666 S.E.2d 107, 112 (2008) (citation omitted). However, "courts will disregard the corporate form or 'pierce the corporate veil,' and extend liability for corporate obligations beyond the confines of a corporation's separate entity, whenever necessary to prevent fraud or to achieve equity." *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985) (citation omitted); *see also Acceptance Corp. v. Spencer*, 268 N.C. 1, 9, 149 S.E.2d 570, 576 (1966) (discussing

the basis for disregarding the corporate form or piercing the corporate veil, the "Instrumentality Rule").

> [I]f "the corporation is so operated that it is a mere instrumentality or *alter ego* of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State . . . the corporate entity [may] be disregarded and the corporation and the shareholder treated as one and the same person.

*Ridgeway Brands Mfg., LLC*, 362 N.C. at 440-41, 666 S.E.2d at 113-14 (citation and quotations omitted).

To pierce the corporate veil by establishing that a corporate entity is a mere instrumentality or alter ego of a sole or dominate shareholder, a plaintiff must prove the following three elements:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of."

*Acceptance Corp.*, 268 N.C. at 9, 149 S.E.2d at 576, as quoted by *Fischer Inv. Capital, Inc. v. Catawba Dev. Corp.*, 200 N.C. App. 644, 650, 689 S.E.2d 143, 147 (2009).

On appeal, plaintiffs ask this Court to determine whether the allegations of their complaint, treated as true, are sufficient to allow a court to disregard the corporate form of defendant J.C. Demo Insurance Group Inc. in order to satisfy the debts of defendant Jeffrey C. Demo. This is known as reverse-piercing. *See Fischer Inv. Capital, Inc.*, 200 N.C. App. 644, 689 S.E.2d 143.

On 31 October 2008, plaintiffs filed a complaint against defendants J.C. Demo & Associates, Inc., and Jeffrey C. Demo. On 25 November 2008, plaintiffs filed an amended complaint to include a claim for punitive damages. On 18 May 2011, plaintiffs filed a second amended complaint incorporating the claims for relief filed in their first amended complaint but adding additional parties, including defendant J.C. Demo Insurance Group Inc. In their amended and second amended complaints, plaintiffs refer to defendants which used some derivation of J.C. Demo's name as "Demo Defendants." Plaintiffs allege that the Demo Defendants acted interchangeably as plaintiffs' insurance broker.

7(h).    Defendants co-mingle and share employees and assets, and place or produce insurance policies from e.g. [sic] Defendants Central and American beginning with initial contacts with customers such as Plaintiffs and throughout other phases of obtaining insurance coverage and claims as if they were one entity; employees of one or more of the Demo Defendants are subject to the direction and control of one or more of the Demo Defendants are subject to the direction and control of other Demo Defendants, and particularly under the direction, control, and supervision of J.C. Demo.

7(i).    Upon information and belief, [the Demo Defendants] all engage in significant financial interactions and debt exchange, operate out of the same locations, produce, manage and maintain insurance policies for a customer using the various and diverse names of the Demo Defendants as authorized agents of Central and American.

7(j).    [The Demo Defendants] share common officers, directors, shareholders or members, and are all owned, operated and/or managed by J.C. Demo.

. . .

7(l).    There is no true corporate separateness between the Demo Defendants.

7(m).    The Demo Defendants are without separate corporate mind, will or existence, and are operated as mere shells, instrumentalities and/or alter egos of, and to perform solely for the benefit of J.C. Demo and/or each other.

7(n).    The Demo Defendants are a single enterprise that is excessively fragmented

into separate legal entities.

Taking plaintiffs' allegations as true and reading the instrumentality test liberally, plaintiffs sufficiently contend that the Demo Defendants were controlled by defendant Jeffrey C. Demo; that the Demo Defendants represent a single enterprise excessively fragmented for the improper purpose of obscuring an agent or broker responsible when policy claims are contested; and that plaintiffs have been harmed as a result of this excessive fragmentation. *See id.* at 650, 689 S.E.2d at 147 (discussing three elements of the instrumentality test). As such, defendant J.C. Demo Insurance Group Inc. may be deemed an instrumentality within the Demo enterprise and an alter-ego of Jeffrey C. Demo.

As the trial court has entered a default judgment against defendants JCD Insurance Group LLC, J.C. Demo & Associates Inc., J.C. Demo & Associates, and Jeffrey C. Demo, individually, finding each jointly and severally liable, we hold that the corporate veil of defendant J.C. Demo Insurance Group Inc. can be reverse pierced to satisfy the liability of the remaining Demo defendants. Because we determine that plaintiffs' allegations, treated as true, are sufficient to provide an avenue by which recovery of damages awarded may be acquired, we

reverse the trial court's grant of defendant J.C Demo Insurance Group's Rule 12(b)(6) motion. *See State Employees Ass'n of N.C.*, 364 N.C. at 210, 695 S.E.2d at 95 ("[W]e determine whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. In ruling upon such a motion, the complaint is to be liberally construed . . . ." (citation omitted)).

Reversed.

Judges McGEE and STROUD concur.

Report per Rule 30(e).