No. 93A15                                                          TENTH DISTRICT

FILED 6 NOVEMBER 2015

SUPREME COURT OF NORTH CAROLINA

****************

TOWN OF BOONE,                          )
                 Plaintiff,             )
            v.                          )
STATE OF NORTH CAROLINA,                )        From Wake County
                 Defendant,             )
                                        )
COUNTY OF WATAUGA,                      )
                 Intervenor-Defendant   )

****************

ORDER

The State of North Carolina and the County of Watauga seek to appeal to this Court pursuant to N.C.G.S. § 7A-27(a1). First, the State seeks to appeal two orders entered on 29 December 2014 by a three-judge panel of the Superior Court in Wake County, the first of which denied the State's and the County's motions to dismiss a challenge to Chapter 33 of the 2014 Session Laws, Act of June 26, 2014, ch. 33, 2013 N.C. Sess. Laws (Reg. Sess. 2014) 139 (the "Boone Act"), and the second of which issued a preliminary injunction enjoining any enforcement of the Boone Act. Next, the State and the County also seek to appeal the panel's 29 July 2015 order declaring that the Boone Act violates Article II, Section 24 of the North Carolina Constitution and entering summary judgment in favor of the Town of Boone.

On 31 March 2015, the Town filed a "Motion to Dismiss Appeal" of the December orders; the State filed a response on 10 April 2015. On 16 June 2015, the

Town also filed a "Motion to Supplement the Record on Appeal" to include a Notice of Voluntary Dismissal Without Prejudice of Count 2 of the Town's complaint; the State filed a response to this motion on 18 June 2015. In addition, on 19 August 2015, the Town of Boone filed a "Motion to Supplement the Record with Final Judgment of Three-Judge Panel and to Expedite Settlement of the Record on Appeal"[1] and a "Motion to Submit the Case for Oral Argument Under the Summary Judgment Standard." The State filed responses to these 19 August 2015 motions on 24 August 2015. Oral arguments were held before this Court on 6 October 2015.

According to the plain text of the statute under which appeal has been sought, N.C.G.S. § 7A-27(a1) (2014), appeal of right lies directly to this Court only "from [an] order or judgment of a court, either final or interlocutory, that *holds* that an act of the General Assembly is facially" unconstitutional. (Emphasis added.) Here, however, neither December order included such a holding: The order denying the State's and the County's motions to dismiss did not provide the panel's rationale for denying the motions, and the order issuing the preliminary injunction concluded that the Town "has shown a likelihood of success on the merits of its case." We therefore dismiss the State's appeal of the December 2014 orders with prejudice.

Because the State's appeal from the December orders of the panel was not statutorily authorized, that appeal did not divest the three-judge panel of jurisdiction to enter the July 2015 order granting summary judgment in favor of the Town of

---

[1] Although these motions were included in a single filing by the Town, they are treated as separate motions and dealt with as such in this order.

Boone. *See, e.g.*, *Veazey v. City of Durham*, 231 N.C. 357, 363-64, 57 S.E.2d 377, 382-83 (1950); *cf.* N.C.G.S. § 1-294 (2013) (stating that a "perfected" appeal "stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein"). Unlike the December orders, the July order states that the Boone Act, which "revo[ked] . . . the Town of Boone's power of extraterritorial jurisdiction . . . is unconstitutional pursuant to the prohibition on local acts contained in Article II, Section 24 of the North Carolina Constitution." Therefore, the July order would appear to be appealable by right to this Court under N.C.G.S. § 7A-27(a1). Nonetheless, our consideration of an appeal from the 29 July 2015 order would be premature at this time because, *inter alia*, the parties have yet to settle and file an appropriate record on appeal. Therefore, we dismiss the Town's motion to supplement the record, filed 19 August 2015, without prejudice to the parties' rights to perfect an appeal of the July order, to settle and file the record on appeal, and to file appropriate briefs in accordance with the North Carolina Rules of Appellate Procedure. The time periods within which to proceed with the record on appeal shall begin on the date of this order.

The Town of Boone's 31 March 2015 "Motion to Dismiss Appeal" is ALLOWED and the appeal from the orders entered on 29 December 2014 is DISMISSED with prejudice; the portion of the Town's 19 August 2015 motion which seeks to supplement the record with the final judgment of the three-judge panel is DISMISSED without prejudice to the parties' rights to perfect an appeal of the panel's July order in accordance with this order; the Town's 16 June 2015 "Motion to

Supplement the Record on Appeal," the portion of its 19 August 2015 motion which seeks to expedite settlement of the record on appeal, and its 19 August 2015 "Motion to Submit the Case for Oral Argument Under the Summary Judgment Standard" are DISMISSED AS MOOT.

By order of the Court in Conference, this 5th day of November, 2015.

_____

For the Court

WITNESS my hand and the seal of the Supreme Court of North Carolina, this the 5th day of November, 2015.

CHRISTIE S. CAMERON ROEDER
Clerk of the Supreme Court

_____

Assistant Clerk