IN THE SUPREME COURT OF NORTH CAROLINA

No. 438A15

Filed 21 December 2016

HANESBRANDS INC.

v.

KATHLEEN FOWLER

Appeal pursuant to N.C.G.S. §§ 7A-27(a) and 7A-45.4(e) from an order entered on 5 November 2015 by Judge James L. Gale, Chief Special Superior Court Judge for Complex Business Cases appointed by the Chief Justice pursuant to N.C.G.S. § 7A-45.4, in Superior Court, Forsyth County. Heard in the Supreme Court on 31 August 2016.

*Constangy, Brooks, Smith, & Prophete, LLP, by Robin E. Shea and Jill S. Stricklin, for plaintiff-appellee.*

*Law Office of David Pishko, P.A., by David Pishko, for defendant-appellant.*

JACKSON, Justice.

In this case we consider whether defendant Kathleen Fowler may appeal an interlocutory order of the North Carolina Business Court overruling her opposition to designation of this case as a mandatory complex business case. We conclude that defendant has failed to show that this order affects a substantial right as required for appeal of an interlocutory order pursuant to N.C.G.S. § 7A-27(a). Accordingly, we dismiss defendant's appeal.

On 20 August 2015, plaintiff Hanesbrands Inc. filed a complaint in Superior Court, Forsyth County alleging that defendant breached five different stock grant agreements that she entered into during her employment with plaintiff. Plaintiff seeks to recover monetary damages of $462,366—the alleged value of certain of its stock units and options granted to defendant pursuant to those agreements. That same day, plaintiff filed a Notice of Designation of its case as a mandatory complex business case pursuant to N.C.G.S. § 7A-45.4(a) on the basis that the case involved both "the law governing corporations" and a dispute "involving securities." The designation received preliminary approval from the Chief Justice of the Supreme Court of North Carolina on 21 August 2015. *See* N.C.G.S. § 7A-45.4(f) (2015).

Defendant filed an opposition to the designation on 23 September 2015, which was overruled by order of Judge James L. Gale, Chief Special Superior Court Judge for Complex Business Cases, who was assigned to the case. On 12 November 2015, after filing an answer to plaintiff's original complaint, defendant appealed the Business Court's order to this Court pursuant to N.C.G.S. §§ 7A-45.4(e) and 7A-27(a). Plaintiff argues that this Court should dismiss defendant's appeal because the Business Court's order is interlocutory and defendant failed to show that the order affects a substantial right. We agree.

When a party disagrees with a Business Court Judge's ruling on an opposition to the designation of a case as a mandatory complex business case, "the party may appeal in accordance with G.S. 7A-27(a)." N.C.G.S. § 7A-45.4(e) (2015). According to section 7A-27(a):

> Appeal lies of right directly to the Supreme Court in any of the following cases: . . .
>
> > (3) From any interlocutory order of a Business Court Judge that does any of the following:
> >
> > > a. Affects a substantial right.
> > >
> > > b. In effect determines the action and prevents a judgment from which an appeal might be taken.
> > >
> > > c. Discontinues the action.
> > >
> > > d. Grants or refuses a new trial.

*Id.* § 7A-27(a) (2015).

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citing *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231 (1916)). To appeal from an interlocutory order, the appellant must show that the order affects a "substantial right which he might lose if the order is not reviewed before final judgment." *City of Raleigh v. Edwards*, 234 N.C. 528, 530, 67 S.E.2d 669, 671 (1951) (citations omitted). "[A]n appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial

right and will work injury to appellant if not corrected before appeal from final judgment." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990) (quoting *Stanback v. Stanback*, 287 N.C. 448, 453, 215 S.E.2d 30, 34 (1975)).

> "It is the appellant's burden to present appropriate grounds for . . . acceptance of an interlocutory appeal, . . . and not the duty of this Court to construct arguments for or find support for appellant's right to appeal[.]" Where the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed.

*Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (citation omitted) (quoting *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 121, 535 S.E.2d 397, 401 (2000) (second and third alterations in original)), *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005). Similarly, in appeals from interlocutory orders, the North Carolina Rules of Appellate Procedure require that the appellant's brief contain a "statement of the grounds for appellate review," which must allege "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4). "The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right." *Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) (discussing N.C. R. App. P. 28(b)).[1]

---

[1] Although opinions of the Court of Appeals are not binding on this Court, the wider scope of the Court of Appeals' jurisdiction has allowed it to develop a more robust body of case law regarding interlocutory appeals.

We have determined that a "substantial right is 'a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which [one] is entitled to have preserved and protected by law: a material right.' " *Gilbert v. N.C. State Bar*, 363 N.C. 70, 75, 678 S.E.2d 602, 605 (2009) (alteration in original) (quoting *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976)). Recognizing that "the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied," we have determined that it is "usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978).

In her appeal from the Business Court's interlocutory order in this case, defendant alleges that the designation of her case as a mandatory complex business case affects a substantial right. Specifically, defendant argues that requiring her "to defend a case filed against her by a large, public corporation in a special court established primarily for disputes between businesses" denies her the substantial right to "have this matter heard in the same manner as ordinary disputes involving ordinary citizens." Defendant also argues that the "Business Court Judge's decision in this action is akin to the denial of a motion for change of venue." Although defendant appears to suggest that she may suffer some unspecified prejudice from this case being tried in Business Court, she has not explained how she would be

prejudiced. She has not identified a specific "material right" that she would lose if the order is not reviewed before final judgment nor explained how the order in question would "work injury" to her if not immediately reviewed. *See Gilbert*, 363 N.C. at 75, 678 S.E.2d at 605; *Goldston*, 326 N.C. at 726, 392 S.E.2d at 736. Furthermore, the General Statutes provide that if a case is not "designated a mandatory complex business case" it may still be designated as "a discretionary complex business case pursuant to Rule 2.1 of the General Rules of Practice for the Superior and District Courts." N.C.G.S. § 7A-45.4(f). Rule 2.1 affords the Chief Justice wide latitude to designate a case as a complex business case. Specifically,

> [t]he Chief Justice may designate *any* case or group of cases as (a) "exceptional" or (b) "complex business." A senior resident superior court judge, chief district court judge, or presiding superior court judge may ex mero motu, or on motion of any party, recommend to the Chief Justice that a case or cases be designated as exceptional or complex business.

Gen. R. Pract. Super. & Dist. Cts. 2.1(a), 2016 Ann. R. N.C. 3 (emphasis added). We note that in Delaware, another state having a specialized business court, the Administrative Directive establishing that state's Complex Commercial Litigation Division specifically excludes certain types of cases from designation, including "any case involving an exclusive choice of court agreement . . . where the agreement relates to an individual or collective contract of employment." James T. Vaughn, Jr., President J., Del. Super. Ct., *Administrative Directive of the President Judge of the Superior Court of the State of Delaware No. 2010-3: Complex Commercial Litigation*

*Division* 1-2 (2010). In contrast, neither our statute nor Rule 2.1 create any such exclusions for cases involving individuals or for specific classes of cases. Merely asserting a preference for a forum other than the Business Court absent a specific, legal entitlement to an exclusion from designation is insufficient to support defendant's contention that this matter was analogous to a venue change and is therefore immediately appealable. Consequently, we conclude that defendant has not demonstrated that the Business Court's interlocutory order is immediately appealable. Accordingly, we dismiss defendant's appeal.

DISMISSED.

Chief Justice MARTIN and Justice EDMUNDS did not participate in the consideration or decision of this case.