ELMORE, Judge.
Because plaintiff Stonewall Construction Services, LLC ("Stonewall") appeals from an interlocutory order lacking a Rule 54(b) certificate and has failed to allege the order irreparably affects a substantial right, we dismiss.
I. Background
Stonewall, a North Carolina company, is a commercial general contractor that constructs and renovates retail business space. Defendants Shane Smith and Tom DeWitt ("individual defendants") own and operate a successful yogurt shop, Frosty Parrott, in Virginia. In an effort to expand their business into North Carolina, individual defendants established two Virginia companies, Frosty Parrott Burlington, LLC ("Frosty Burlington") and Frosty Parrott Cary, LLC ("Frosty Cary") ("corporate defendants") (collectively, "defendants"), which became leaseholders of commercial property in Burlington and Cary.
According to Stonewall's complaint, it entered into agreements with Frosty Burlington and Frosty Cary to provide materials and labor to renovate the two locations. It furnished materials to the Frosty Burlington location and completed the renovation. When it furnished materials to the Frosty Cary location, it was instructed to cease work and remove all equipment from the jobsite because Frosty Cary had abandoned the project. Stonewall invoiced Frosty Burlington and Frosty Cary bills which they have refused to pay.
As a result, Stonewall sued[1] defendants, asserting five causes of action: (1) breach of contract, or, in the alternative, (2) quantum meruit, against Frosty Burlington, seeking $120,191.23 in damages; (3) breach of contract, or, in the alternative, (4) quantum meruit, against Frosty Cary, seeking $29,697.63 in damages; and (5) a claim to pierce the veils of corporate defendants to recover damages of $149,888.86 from individual defendants. In response, individual defendants moved for summary judgment regarding Stonewall's fifth claim to pierce the corporate veils of corporate defendants. Individual defendants argued they never guaranteed to become individually liable for the contracts.
After a hearing on the motion, the trial court entered an order granting summary judgment in individual defendants' favor, dismissing Stonewall's piercing the corporate veils claim. Stonewall appeals.
II. Analysis
Stonewall contends the trial court erred by granting summary judgment in favor of individual defendants and dismissing its piercing the corporate veils claim. We initially examine our jurisdiction over this appeal.
In the statement of grounds for appellate review section of its brief, Stonewall acknowledges that "[c]laims against the corporate defendants remain outstanding" but contends the order "is a final disposition of the claims against the Individual Defendants and appeal therefore lies ... pursuant to N.C. Gen. Stat. § 7A-27(b)." Individual defendants "agree that [the] summary judgment order ... is a final disposition of the claims against the Individual Defendants and appeal therefore lies ... pursuant to N.C. Gen. Stat. § 7A-27(b)."
However, the order only dismissed Stonewall's fifth claim against individual defendants; its four claims for breach of contract and quantum meruit against corporate defendants remain pending. "Because the trial court's award of summary judgment is for fewer than all defendants, it is an interlocutory order as it 'does not dispose of the case, but leaves it for further action for the trial court in order to settle and determine the entire controversy.' " Baker v. Rushing , 104 N.C. App. 240, 245, 409 S.E.2d 108, 111 (1991) (quoting Veazey v. City of Durham , 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) ). That the order disposed of all claims against individual defendants, leaving only claims against corporate defendants, does not transform the order into a final judgment for appeal purposes. Id. (deeming as interlocutory a summary judgment order dismissing only three of five defendants).
Although, "[g]enerally, there is no right of immediate appeal from interlocutory orders or judgments," Goldston v. Am. Motors Corp. , 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990), appeal may be permitted under two situations. First, in multi-claim or multi-party litigation, if the trial court certifies under Rule 54(b) that its order represents a final judgment as to some claims or parties and there is no just reason to delay the appeal. N.C. Gen. Stat. § 1A-1, Rule 54 (2015). Second, if the appellant "show[s] that the order affects a substantial right which he [or she] might lose if the order is not reviewed before final judgment." Hanesbrands Inc. v. Fowler , --- N.C. ----, ----, 794 S.E.2d 497, 499-500 (2016) (quoting City of Raleigh v. Edwards , 234 N.C. 528, 530, 67 S.E.2d 669, 671 (1951) ).
This showing requires an appellant to allege "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4) ; Hanesbrands Inc. , --- N.C. at ----, 794 S.E.2d at 499-500 (reiterating this requirement).
Here, the interlocutory order was not Rule 54(b) -certified, and Stonewall advanced no showing of a substantial right. Accordingly, Stonewall has failed to provide a basis for this Court to acquire jurisdiction over its appeal. See Hamilton v. Mortgage Info. Servs., Inc. , 212 N.C. App. 73, 77, 711 S.E.2d 185, 189 (2011) ("If a party attempts to appeal from an interlocutory order without showing that the order in question is immediately appealable, we are required to dismiss that party's appeal on jurisdictional grounds.").
III. Conclusion
Because neither this interlocutory order was Rule 54(b) -certified for immediate appeal, nor has Stonewall alleged it irreparably affects substantial rights, we dismiss.
DISMISSED.
Report per Rule 30(e).
Judges DIETZ and TYSON concur.

According to the record, Stonewall initially sued corporate defendants in 2014, but, after an unsuccessful mediation, voluntarily dismissed that action. In this, Stonewall's second lawsuit, it again sued corporate defendants, but added individual defendants.