DILLON, Judge.
 

 *410
 
 Defendants appeal from an order granting Plaintiffs' motion for summary judgment. For the following reasons, we dismiss Defendants' appeal as interlocutory.
 

 I. Background
 

 Clyde Foley is a co-founder of XMC Films ("XMC"), a Virginia corporation that produces coated film products. This matter involves a dispute between Mr. Foley and other
 
 *756
 
 minority shareholders and XMC and its current management.
 
 *411
 
 Plaintiffs filed numerous claims against Defendants. In response, Defendants filed a motion to dismiss, answer, counterclaims, and a third-party complaint.
 
 [1]
 

 Plaintiffs and Defendants filed cross-motions for summary judgment. The trial court granted Plaintiffs' motion for summary judgment on Defendants' counterclaims but
 
 denied
 
 Defendants' motion for summary judgment on Plaintiffs' claims.
 

 Defendants appealed the trial court's order granting Plaintiff's summary judgment motion on Defendants' counterclaims
 
 and
 
 denying Defendants' motion for summary judgment; however, in their appellate brief, Defendants failed to articulate any substantial right affected by the trial court's interlocutory order. After Plaintiffs filed their appellee brief pointing out this deficiency, Defendants requested that this Court allow them to amend their brief. For the reasons below, we denied Defendants' motion to amend their principal brief and hereby dismiss their appeal from the trial court's interlocutory order.
 

 II. Analysis
 

 "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950). As a general rule, there is no right of appeal from an interlocutory order.
 
 See
 

 Jeffreys v. Raleigh Oaks Joint Venture
 
 ,
 
 115 N.C.App. 377
 
 , 379,
 
 444 S.E.2d 252
 
 , 253 (1994). However, a party is permitted to appeal an interlocutory order if "[1] ... the trial court certifies in the judgment that there is no just reason to delay the appeal[,]" or if "[2] the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits."
 

 Id.
 

 at 379
 
 ,
 
 444 S.E.2d at 253
 
 (internal marks and citations omitted). "Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]"
 

 Id.
 

 In the present case, because the trial court declined to certify the matter for immediate appeal, it was Defendants' burden to establish on appeal that the order affected a substantial right.
 

 *412
 
 Rule 28(b) of the North Carolina Rules of Appellate Procedure provides, in relevant part:
 

 An appellant's brief
 
 shall
 
 contain ... [a]
 
 statement of the grounds for appellate review.
 
 Such statement
 
 shall
 
 include citation of the statute or statutes permitting appellate review. ... When an appeal is interlocutory, the statement
 
 must contain
 
 sufficient facts
 
 and argument
 
 to support appellate review on the ground that the challenged order affects a substantial right.
 

 N.C. R. App. P. 28(b) (emphasis added). While our Supreme Court has held that "noncompliance with 'nonjurisdictional rules' such as Rule 28(b) 'normally should not lead to dismissal of the appeal[,]"
 
 Larsen v. Black Diamond French Truffles, Inc
 
 .,
 
 241 N.C.App. 74
 
 ,
 
 772 S.E.2d 93
 
 , 95 (2015) (quoting
 
 Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., Inc.
 
 ,
 
 362 N.C. 191
 
 , 198,
 
 657 S.E.2d 361
 
 , 365 (2008) ), when an appeal is interlocutory, Rule 28(b)(4) is
 
 not
 
 a "nonjurisdictional" rule.
 
 Larsen
 
 ,
 
 241 N.C.App. at 77
 
 ,
 
 772 S.E.2d at 96
 
 . "Rather, the
 
 only way
 
 an appellant may establish appellate jurisdiction in an interlocutory case (absent Rule 54(b) certification) is by showing grounds for appellate review based on the order affecting a substantial right."
 

 Id.
 

 Here, Defendants failed to allege in their principal brief any substantial right affected by the trial court's interlocutory order. After Plaintiffs filed their appellee brief identifying Defendants' failure to properly allege grounds for appeal, Defendants moved for leave to amend their principal brief. Based on our holding in
 
 Larsen
 
 , we denied Defendants' motion and hereby dismiss the appeal.
 

 *757
 
 In
 
 Larsen
 
 , the appellants failed to allege a substantial right deprivation in their principal brief.
 

 Id.
 

 at ----,
 
 772 S.E.2d at 95
 
 . After appellees pointed out the failure in their appellee brief, appellants filed a reply brief alleging the substantial right deprivation.
 

 Id.
 

 We dismissed the appeal, stating as follows:
 

 [W]e will not allow [appellants] to correct the deficiencies of their principal brief in their reply brief. Because it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal, and [appellants] have not met their burden, [the] appeal must be dismissed."
 

 Id.
 

 at ----,
 
 772 S.E.2d at 96
 
 (internal marks and citations omitted).
 

 *413
 
 We see no functional difference between the appellants' attempt in
 
 Larsen
 
 to correct their mistake in a reply brief and Defendants' attempt in the present case to correct their mistake by moving to amend their principal brief
 
 after
 
 Plaintiffs have already filed their brief. Accordingly, based on the reasoning in
 
 Larsen
 
 , we are compelled to dismiss the appeal.
 

 DISMISSED.
 

 Judges DIETZ and TYSON concur.
 

 [1]
 

 In their third-party complaint, Defendants asserted claims against Aegis Films, Inc. and David E. Anthony. Aegis Films and Mr. Anthony were subsequently designated as Plaintiffs in the main action in a consent order realigning the parties.