ZACHARY, Judge.
Plaintiffs appeal from the trial court's order granting Defendant Pitt County Board of Education's motion to dismiss. However, Plaintiffs' appeal is interlocutory, and Plaintiffs have not established grounds for this Court's exercise of appellate jurisdiction. Accordingly, we dismiss Plaintiffs' appeal.
Background
On 3 November 2017, Plaintiff Timothy John McFarland, by his mother and next of kin Brandee Michelle McFarland, filed suit against Defendants Pitt County Board of Education, Jennifer Poplin, Richard Lage, and April Smith seeking damages resulting from two sexual assaults against Plaintiff, a minor diagnosed with autism, that occurred while Plaintiff was in the custody and control of Defendants. Plaintiffs asserted claims for negligence; "breach of contract/agreement"; and violations of article I, sections 15 and 19, and article IX, section 1 of the North Carolina Constitution.
On 8 January 2018, Defendant Pitt County Board of Education filed a motion to dismiss Plaintiffs' complaint against it. Specifically, Defendant Board sought dismissal of (i) Plaintiffs' negligence claim on the ground that it was barred by the doctrine of sovereign and governmental immunity, under Rules 12(b)(1) and (2) of the North Carolina Rules of Civil Procedure ; (ii) Plaintiffs' breach of contract claim for lack of subject matter jurisdiction, under Rule 12(b)(1) ; and (iii) Plaintiffs' claims under the North Carolina Constitution for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). By order entered 16 April 2018, the trial court granted Defendant Board's motion to dismiss each of Plaintiffs' claims against Defendant Board. Plaintiffs timely filed notice of appeal on 15 May 2018.
On appeal, Plaintiffs argue that the trial court erred in dismissing its claims against Defendant Board. Defendant Board, however, argues that Plaintiffs' appeal must be dismissed because it is interlocutory, and Plaintiffs have not "established grounds for this Court to exercise appellate jurisdiction." We agree with Defendant Board, and therefore dismiss the instant appeal.
Discussion
"As a general rule, there is no right of appeal from an interlocutory order." Edwards v. Foley , --- N.C. App. ----, ----, 800 S.E.2d 755, 756, disc. review denied , 370 N.C. 377, 807 S.E.2d 571 (2017). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham , 231 N.C. 357, 362, 57 S.E.2d 377, 381, reh'g denied , 232 N.C. 744, 59 S.E.2d 429 (1950).
A party may appeal from an interlocutory order if (1) "the trial court certifies in the judgment that there is no just reason to delay the appeal" in accordance with the provisions of Rule 54(b) of the North Carolina Rules of Civil Procedure, or (2) "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." Edwards , --- N.C. App. at ----, 800 S.E.2d at 756. "Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal." Id. at ----, 800 S.E.2d at 756. In the substantial right context, the appellant "must present more than a bare assertion that the order affects a substantial right; [he] must demonstrate why the order affects a substantial right." Hanesbrands Inc. v. Fowler , 369 N.C. 216, 219, 794 S.E.2d 497, 499 (2016). Unless the appellant meets that burden, appellate jurisdiction will not lie and this Court must dismiss the appeal. Edwards , --- N.C. App. at ----, 800 S.E.2d at 756-57.
In the instant case, the trial court's order from which Plaintiffs appeal only disposed of Plaintiffs' claims against Defendant Board. Therefore, Plaintiffs' appeal is interlocutory. See Veazey , 231 N.C. at 362, 57 S.E.2d at 381. However, the trial court did not certify the matter for immediate appeal pursuant to Rule 54(b). Cf. DKH Corp. v. Rankin-Patterson Oil Co. , 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998) ("[I]f the trial court enters a final judgment as to [one] party ... and certifies there is no just reason for delay, the judgment is immediately appealable."). Nor have Plaintiffs "allege[d] in their principal brief any substantial right affected by the trial court's interlocutory order." Edwards , --- N.C. App. at ----, 800 S.E.2d at 756.
Instead, Plaintiffs cite N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b) and maintain that it is appropriate to pursue an immediate appeal from the trial court's order because the ruling "is final and determines the end of the action with regard to the defendant Pitt County Board of Education." However, section 1-277(a) provides, among other avenues, that an immediate appeal may be taken from an interlocutory order that "in effect determines the action, and prevents a judgment from which an appeal might be taken ." N.C. Gen. Stat. § 1-277(a) (2017) (emphasis added); accord id. § 7A-27(b)(3)(b). First, a determination of the action as to Defendant Board is not the equivalent of a determination of the entire action . Moreover, the order does not "prevent[ ] a judgment from which appeal might be taken" at a later point. Id . § 1-277(a). Parties do "not waive their right to appeal after the final judgment by foregoing an interlocutory appeal." Dep't of Transp. v. Rowe , 351 N.C. 172, 176-77, 521 S.E.2d 707, 710 (1999) ; see also N.C. Gen. Stat. § 1-278 ("Upon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment.").
Therefore, because Plaintiffs fail to carry their burden of presenting appropriate grounds for this Court's acceptance of their interlocutory appeal, we lack jurisdiction to address Plaintiffs' challenges to the trial court's dismissal order.[1] Accordingly, we must dismiss Plaintiffs' appeal from the trial court's order granting Defendant Board's motion to dismiss.
APPEAL DISMISSED.
Report per Rule 30(e).
Judges BERGER and HAMPSON concur.

In addition, we note that Plaintiffs have not contended that an immediate appeal is appropriate under the grounds enumerated in N.C. Gen. Stat. § 1-277(b).