IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-73

No. 277A21

Filed 17 June 2022

KNC TECHNOLOGIES, LLC

v.

ERIC TUTTON and i-TECH SECURITY AND NETWORK SOLUTIONS, LLC

Appeal pursuant to N.C.G.S. § 7A-27(a)(3) from an order and opinion on plaintiff's motion for partial summary judgment and defendants' motion for summary judgment entered on 8 April 2021 by Judge Gregory P. McGuire, Special Superior Court Judge for Complex Business Cases, in Superior Court, Davidson County, after the case was designated a mandatory complex business case by the Chief Justice pursuant to N.C.G.S. § 7A-45.4(a). Heard in the Supreme Court on 9 May 2022.

*Matthew W. Georgitis, Alexander L. Turner, and R. Matthew Van Sickle for plaintiff-appellant.*

*D. Stuart Punger Jr. for defendant-appellees.*

BARRINGER, Justice.

In this matter, the appellant KNC Technologies, LLC noted an appeal as of right of an interlocutory order but has failed to show that the order affects a substantial right or otherwise satisfies the requirements for an appeal as of right to this Court from an interlocutory order of a business court judge. *See* N.C.G.S. § 7A-27(a)(3) (2021). Accordingly, we dismiss the appeal.

¶ 2        Pursuant to N.C.G.S. § 7A-27(a)(3), an appeal of right lies to this Court from an interlocutory order of a business court judge only if it "[a]ffects a substantial right," "[i]n effect determines the action and prevents a judgment from which an appeal might be taken," "[d]iscontinues the action," or "[g]rants or refuses a new trial." N.C.G.S. § 7A-27(a)(3). "It is the appellant's burden to present appropriate grounds for . . . acceptance of an interlocutory appeal, . . . and not the duty of this Court to construct arguments for or find support for appellant's right to appeal[.]" *Hanesbrands Inc. v. Fowler*, 369 N.C. 216, 218 (2016) (alterations in original) (quoting *Johnson v. Lucas*, 168 N.C. App. 515, 518, *aff'd per curiam*, 360 N.C. 53 (2005)). Additionally, "the North Carolina Rules of Appellate Procedure require that the appellant's brief contain a 'statement of the grounds for appellate review,' which must allege 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' " *Id.* at 219 (quoting N.C. R. App. P. 28(b)(4)).

¶ 3        The appellant must present more than a bare assertion that the order affects a substantial right, in effect determines the action and prevents a judgment from which an appeal might be taken, discontinues the action, or grants or refuses a new trial. *See id.*; *see also* N.C. R. App. P. 28(b)(4). Appellants must demonstrate why the order has the claimed effect under N.C.G.S. § 7A-27(a)(3). *See Hanesbrands*, 369 N.C. at 219; *see also* N.C. R. App. P. 28(b)(4). If an appellant fails to carry its burden to

present appropriate grounds for an interlocutory appeal as of right, this Court will on its own motion dismiss the appeal. *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 201 (1978) ("If an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." (footnote omitted)); *cf. Hanesbrands*, 369 N.C. at 218 ("An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment." (cleaned up)).

KNC Technologies acknowledges that it has appealed an interlocutory order. However, KNC Technologies' basis for this Court's review is limited to two statements: (1) that the interlocutory order affects a substantial right because the trial court "erroneously denied" its partial summary judgment motion on various claims and (2) that the order in effect determines the action and prevents a judgment from which an appeal might be taken because "[t]he denial of summary judgment prevents entry of a final order on those claims from which [KNC Technologies] might appeal." This is a bare assertion, which is clearly not sufficient to satisfy an appellant's burden to present appropriate grounds for an interlocutory appeal as of right to this Court. Therefore, we dismiss KNC Technologies' appeal.

DISMISSED.