An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-362

Filed 1 October 2025

Durham County, No. 23CVD003264-310

KELLEY LANE, ZOE LANE, BRYAN RAMIREZ, Plaintiffs,

v.

A-HUA CHEN, JAW-SY CHEN, and
ACORN AND OAK PROPERTY MANAGEMENT, LLC, Defendants.

Appeal by plaintiffs from judgment entered 6 December 2024 by Judge Amanda L. Maris in Durham County District Court. Heard in the Court of Appeals 8 September 2025.

*Kelley Lane and Bryan Ramirez, pro se.*

*Brownlee, Whitlow & Praet, PLLC, by Daria A. Harrington, for defendant-appellees.*

PER CURIAM.

Plaintiffs Bryan Ramirez, Kelley Lane, and Lane's daughter Zoe Lane, appeal from the trial court's judgment denying their motion for a jury trial. Upon careful review, we dismiss for lack of jurisdiction.

## I. Factual and Procedural Background

In 2020, Plaintiffs entered into a rental property lease with Defendants A-Hua Chen, Jaw-Sy Chen, and Acorn & Oak Property Management, LLC. Plaintiffs renewed their lease in 2021. In 2021, after issues with pests and an unsatisfactory handling of the matter by Defendants, Plaintiffs, by and through previous counsel, filed a complaint against Defendants, alleging a breach of lease and warranty of habitability, as well as a claim of unfair and deceptive trade practices. Following arbitration, Plaintiffs appealed the award.

A trial was set for 5 August 2024; however, the matter was continued for various reasons until 1 October 2024. On 23 September 2024—eight days before trial—Plaintiffs filed a handwritten document with the Durham County Clerk of Court requesting a jury trial. No certificate of service was attached.

On 1 October 2024, the trial court and Defendants became aware of Plaintiffs' request for a jury trial. That same day, the trial court heard arguments on the matter and subsequently entered an order on 6 December 2024 denying Plaintiffs' request for a jury trial after finding that "such request was untimely pursuant to N.C.R. Civ. P. § 38(b) and would prejudice [] Defendants who objected strenuously." Plaintiffs timely appealed the trial court's order. Defendants subsequently filed a motion with this Court to dismiss Plaintiffs' appeal for Plaintiffs' failure to "timely file written documentation of a transcript contract[.]" We first address Plaintiffs' appeal.

## II. <u>Analysis</u>

Plaintiffs argue the trial court's denial of their motion for a jury trial is "a

violation of the Plaintiff[s'] rights as afforded in the Constitution of the State of North Carolina in Article 1, Section 25, page 3."

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 76 (2011) (citation omitted). While "a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits[,]" it is the "appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379 (1994) (citation and internal quotation marks omitted); *see also* N.C.R. App. P. 28(b)(4) ("When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.").

"If a party attempts to appeal from an interlocutory order without showing that the order in question is immediately appealable, we are required to dismiss that party's appeal on jurisdictional grounds." *Hamilton*, 212 N.C. App. at 77.

Here, an order denying a jury trial is an interlocutory order. *Dick Parker Ford, Inc. v. Bradshaw*, 102 N.C. App. 529, 531 (1991). This Court dismisses an interlocutory appeal "as fragmentary and premature unless the order affects

some substantial right[.]" *Hanesbrands Inc. v. Fowler*, 369 N.C. 216, 218 (2016) (citation omitted). "It is the appellant's burden to present appropriate grounds for . . . acceptance of an interlocutory appeal, . . . and not the duty of this Court to construct arguments for or find support for appellant's right to appeal." *Id.* at 218 (citation omitted). Plaintiffs have failed to articulate in their brief why the order is immediately appealable. *See* N.C.R. App. P. 28(b)(4). Accordingly, we dismiss this appeal for lack of jurisdiction. *See Hamilton*, 212 N.C. App. at 77. Because we dismiss Plaintiffs' appeal for lack of jurisdiction, we deny Defendants' motion to dismiss for Plaintiffs' failure to "timely file written documentation of a transcript contract[.]"

DISMISSED.

Panel consisting of Judges GORE, FLOOD, and STADING.

Report per Rule 30(e).