An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-759

Filed 18 February 2026

Mecklenburg County, No. 25CVS007110-590

GERARD GILL, Plaintiff,

v.

TIP TOWING, INC., KRISTIAN SZENDI, and PEDCOR MANAGEMENT CORPORATION, Defendants.

Appeal by plaintiff from order entered 2 May 2025 by Judge Carla Archie in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 January 2026.

*Gerard Gill, pro se, plaintiff-appellant.*

*Winfred R. Ervin, Jr., for Tip Towing, Inc., and Kristian Szendi, defendant-appellees.*

*Brownlee, Whitlow, & Praet, PLLC, by Gentry Collins, for Pedcor Management Corporation, defendant-appellee.*

PER CURIAM.

This dispute arises out of Tip Towing, Inc., et. al's ("Defendants") alleged illegal towing and retention of Plaintiff's Hummer from an apartment complex. On 10 February 2025, Plaintiff filed a complaint seeking compensatory damages, punitive

damages, and permanent injunctive relief against Defendants. Plaintiff's complaint alleged claims of fraud and intentional misrepresentation, trespass to chattels and wrongful retention, negligence, and statutory violations. That same day, Plaintiff filed a motion requesting a preliminary injunction. The trial court denied Plaintiff's preliminary injunction motion on 2 May 2025 after hearing arguments from the parties on 19 March 2025. Plaintiff appealed.

This Court lacks the jurisdiction to hear Plaintiff's appeal due to its interlocutory nature and Plaintiff's failure to address how the order affects a substantial right.

"A preliminary injunction is interlocutory in nature." *Clark v. Craven Regional Med. Auth.*, 326 N.C. 15, 23 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazy v. City of Durham*, 231 N.C. 357, 362 (1950) (citation omitted). We must dismiss an interlocutory appeal "as fragmentary and premature unless the order affects some substantial right and will work injury to [the] appellant if not corrected before appeal from final judgment." *Hanesbrands Inc. v. Fowler*, 369 N.C. 216, 218 (2016) (citations omitted).

Moreover, "the *only way* an appellant may establish appellate jurisdiction in an interlocutory case (absent a Rule 54(b) certification) is by showing grounds for appellate review based on the order affecting a substantial right." *Larsen v. Black*

*Diamond French Truffles, Inc.*, 241 N.C. App. 74, 77–78 (2015) (emphasis in original). Thus, when a party fails to state the grounds for appellate review when appealing an interlocutory order, we must dismiss the appeal because the party fails to meet their burden." *Id.* at 79; *see also Johnson v. Lucas*, 168 N.C. App. 515, 519, *aff'd per curiam*, 360 N.C. 53 (2005).

Plaintiff neither argued how a substantial right would be affected absent our immediate review, nor did plaintiff include a statement of grounds of appellate review as required by Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure. Additionally, the order did not contain a certification pursuant to Rule 54(b). Because the only way for Plaintiff to confer appellate jurisdiction was to show that the order affected a substantial right, and Plaintiff failed to do so, Plaintiff failed to meet his burden. *See Larsen*, 241 N.C. App. at 79.

For the forgoing reasoning, we dismiss Plaintiff's interlocutory appeal for lack of jurisdiction.

DISMISSED.

Panel consisting of Chief Judge DILLON and Judges GORE and FREEMAN.

Report per Rule 30(e).